The Board of Commissioners for filling up certain slough ponds in the City of St. Louis, &c., Appellants, *vs.* John Shields, *et al.*, Respondents.

| | |
|---|---|
| 62 | 247 |
| 96 | 167 |
| 62 | 247 |
| 98 | 352 |
| 62 | 247 |
| 114 | 573 |
| 54a | 3 |
| 62 | 247 |
| 120 | 243 |
| 62 | 247 |
| 125 | 443 |
| 57a | 643 |
| 62 | 247 |
| 133 | 553 |
| 62 | 247 |
| 70a | 12 |
| 62 | 247 |
| 73a | 541 |
| 62 | 247 |
| 161 | 604 |
| 62 | 247 |
| 167 | 21 |

1. *Constitution—Special law, necessity of—Legislature.*—As to whether a general law can be made applicable, or whether a special act is necessary in a given case, the legislature is the exclusive judge. (See § 27, of Art. IV, of late Constitution).

2. *Constitution—Special acts for "municipal purposes."*—Under §§ 4 & 5 of Art. VIII of the late Constitution special acts may be passed creating corporations for municipal purposes; but they must be connected with the municipality itself and instituted for the purpose of carrying on some of its known objects.

3. *Constitution—St. Louis slough ponds, act concerning—"Municipal purposes."*— By the terms of the act of March 14th, 1872, in reference to St. Louis slough ponds, (Adj. Sess. Acts 1872, p. 466,) three of the City Councilmen were made commissioners; the engineer was to supervise the work and make out the tax bill, assessing the due proportions between the city and the adjoining property holders. And before any action could be had touching the ponds, it was required that the Board of Health should declare them nuisances. The act was held to be for "municipal purposes" within the meaning of the constitution.

4. *Bond—Admission of corporate capacity of obligee, what acts amount to.*— The obligors on a bond given to a corporation, by making and signing the instrument, admit the corporate capacity of the obligee and in suit on the bond cannot plead *nul tiel* corporation.

5. *Corporations acting under color of law—Corporate character, how questioned.* —If a corporation be acting under color of law, and be recognized as such by the State, its corporate character cannot be questioned collaterally. Such a question should be raised by *quo warranto.* And the rule prevails even though its incorporation may be affected by constitutional provisions

*Appeal from St. Louis Circuit Court.*

*R. E. Rombauer*, for Appellants.

I. A corporation connected with an existing municipal corporation, and constituted for the purpose of carrying out some of the known objects of the municipality, is a corporation for municipal purposes, and thus within the exception of Art. VIII, § 4 of the Constitution of 1865. (State *ex rel.* Chouteau vs. Leffingwell, 54 Mo. 458–472; The People *ex rel.* South Park Commissioners vs. Salomon, 51 Ill., 37; Horton vs. Mobile School Commissioners, 43 Ala,. N. S. 598, 607.)

II. Respondents having dealt with the corporation as such cannot object to the validity of its organization. (Camp vs. Byrne, 41 Mo. 525 ; Meadow Dam Co. vs. Gray, 30 Me. 547, 549 ; Farbell vs. Page, 24 Ills. 46 ; Cooley's Const. Lim. p. 254.)

III. The fact that the objection is made to the constitutionality of the law makes no difference, as constitutional objections may be waived by parties as well as other objections, and they may be precluded by their prior action from being heard in support of the objection. (Cooley's Const. Lim. p. 180 ; Baker vs. Braman, 6 Hill, 47 ; Lee vs. Tillotson, 24 Wend. 339 ; People vs. Murray, 5 Hill, 468.)

IV. The existence of the corporation plaintiff in this case, cannot be collaterally questioned be a plea of *nul tiel* corporation ; the respondents having recognized its legal existence, that existence can be contested only by proceeding in *quo warranto* on behalf of the state. (Cooley's Const. Lim. p. 254 ; Kayser vs. Trustees of Bremen, 16 Mo. 88, 90 ; State vs. Carr, 5 N. H. 367 ; President and Trustees of Mendota vs. Thompson, 20 Ill., 197, 200.)

*Given Campbell*, for Respondents.

Plaintiff is not a "corporation for municipal purposes," Dill. Munic. Corp. § 9a ; Cool. Const. Lim. p. 210 ; Heller vs. Stremmel, 52 Mo. 310 ; and in the Forest Park case in the opinion of Judge Adams on the rehearing, 54 Mo. 448 ; Alcorn vs. Hammer, 38 Miss. 652 ; Cheaney vs. Hoosier, 9 B. Monroe, 330 ; 34 New Hampshire, 266 ; Ang. & A. Corp. § 31.

WAGNER, Judge, delivered the opinion of the court.

In this case the defendants seek to draw in question the validity of the act incorporating the plaintiff, approved March 14, 1872. (Sess. Acts 1871-2., p. 466.) The plaintiff filed its petition in the circuit court stating that it was a corporation for municipal purposes, and it alleged that certain blocks of land and the streets and alleys running through the same, being the territory described in the act of incorporation, were at and anterior to the 18th day of April, 1872, in such a con-

dition as to be a public nuisance, and were thereupon, on the last named day, in conformity with the act above recited, declared to be a public nuisance by the Board of Health of the City of St. Louis; that thereupon the plaintiff, having first complied with the precedent conditions mentioned in the act, awarded the contract for filling up said slough ponds to Wm. H. Lyman and Enoch Stillwell, and on the 22d day of June, 1872, entered into a written contract with said Lyman & Stillwell, which contract is fully set out in the petition.

The contract recited the act of the general assembly under which the Commissioners were acting, and appears to have been made by the Commissioners in their corporate capacity, and is signed by the president and secretary and has the corporate seal annexed, in accordance with the act of incorporation. The contract, as recited, among other things provides, that Lyman & Stillwell bind themselves to fill up within one year from and after the 10th day of June, 1872, on the premises therein described, three hundred and thirty-three thousand four hundred and sixty-three cubic yards of earth.

The petition further recites that Lyman & Stillwell thereupon gave bonds in the penal sum of twenty thousand dollars with the defendants as their securities for the faithful performance of their contract, which bond by its terms was given and payable " to the Board of Commissioners for the filling up of certain slough ponds in the city of St. Louis, under an act of the general assembly of Missouri, approved March 14, 1872, and their successors and legal representatives;" and was conditioned that " said Lyman & Stillwell shall in all things well and truly execute, perform and carry out all the terms, stipulations and obligations of said contract, and perform the work therein contracted for as therein required, and comply with the requirements of said law, and faithfully respond to, and satisfy, all claims and demands which may be lawfully made against them under said contract."

The petition further states that Lyman & Stillwell never performed any work under the contract, whereupon the contract and bond were declared forfeited and broken in con-

formity with a provision in the act. Breaches were then set out and a judgment prayed for the penalty and for damages.

To the petition defendants interposed a demurrer stating as grounds therefor, that the plaintiff had no legal capacity to sue, there being no such corporation as the plaintiff, because the act of the general assembly, under which plaintiff claimed existence, was in violation of the 27th section of Art. 4, and of the 4th and 5th sections of Art. 8th of the Constitution of this State, and was therefore void, and that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiff failing to plead further final judgment was rendered for the defendants, and this appeal was then prosecuted.

The 27th section of Article 4 of the Constitution, in force when this cause was tried, prohibited the legislature from passing a special law in any case for which provision could be made by a general law. This point however has not been insisted upon in this court, as under the prior decisions it has been held, that the legislature was the exclusive judge as to whether a general law could be made applicable to the object. The 4th and 5th sections of Article 8 are the ones that are now relied upon to invalidate the act of incorporation. They provide that corporations may be formed under general laws, but shall not be created by special acts except for municipal purposes; and that no municipal corporations, except cities, shall be created by special act, and that no city shall be incorporated with less than five thousand inhabitants. These two sections are different in their provisions.

The 5th section prohibits the creation of any municipal corporation except cities; but the 4th section extends the prohibition to any special act, unless it be for municipal purposes. In the case of the State *ex rel.* Chouteau vs. Leffingwell et al. (54 Mo, 458), this subject was elaborately discussed, and the conclusion arrived at by the court was, that there might be corporations for municipal purposes, but that they must be connected with the municipal corporation itself, and

instituted for the purpose of carrying out some of the known objects of the municipality. Other courts have gone even further. Thus in the People vs. Salomon et al. (51 Ills. 37,) it was held, that an act, creating a board of park commissioners, constituted them a corporate authority, *quasi* municipal, the object of their creation being of a municipal character, and of that alone. In Alabama the court say, that the words " municipal purposes " are not words of any definite technical import, and that they may be so construed as to apply to a corporation established to carry on the business of a public school and to raise funds for its support. (Horton vs. Mobile School Commissioners, 43 Ala., 598.)

Whilst the definition of the words " municipal purposes" in this last case may be regarded as sufficiently accurate, it may fairly be questioned whether their application is not carried too far. Now an examination of the act, here in controversy, shows that it was created for municipal purposes only. It was an agency for carrying out a part of the administrative duties of the city. Three of the councilmen were made commissioners, the city engineer supervised the work and made out the tax bills, assessing the proper proportion to the city, and assigning the balance to adjoining property holders. Before any action could be had it was necessary that the Board of Health should first declare the ponds a nuisance, and thus it is evident that the whole thing was for the direct benefit of the city in reference to its sanitary condition. It was a part of the machinery designed and adapted for carrying out the objects of the municipality, and was for municipal purposes.

There is another principle which is fatal to the defendants. When they entered into the obligation and signed the bond, they solemnly admitted plaintiff's corporate capacity. In such a case a plea of *nul tiel* corporation cannot be permitted. (State vs. Carr, 5 N. H., 367 ; President, &c.. vs. Thompson, 20 Ills., 200 ; Hamilton vs. Carthage, 24 Id., 22 ; Kayser vs. Bremen, 16 Mo. 88.)

Judge Cooley says, that in proceedings where the question, whether a corporation exists or not, arises collaterally, the courts will not permit its corporate character to be questioned. If it appear to be acting under color of law, and recognized by the State as such, such a question should be raised by the State itself by *quo warranto* or other direct proceeding. And the rule would not be different, if the constitution itself prescribed the manner of incorporation. Even in such a case proof that the corporation was acting as such, under legislative action, would be sufficient evidence of right, except as against the State ; and private parties could not enter upon any question of regularity (Cooley's Const. Lim., 254).

Again, the same learned author says, that there are cases where a law in its application to a particular case must be sustained, because the party who makes objection has, by prior action, precluded himself from being heard against it, and this is applicable alike to constitutional provisions and legislative enactment, where mere monied interests are concerned. (Id., 180.)

I think the judgment should be reversed and the cause remanded. Judges Napton and Sherwood concur. Judges Vories and Hough absent.