# THE ST. LOUIS GAS LIGHT COMPANY v. THE CITY OF ST. LOUIS, *Appellant*.

1. **Pleading:** ANSWER. An answer which neither denies nor confesses and avoids the statements of the petition is bad on demurrer.

2. ———: DEMURRER. A pleading which sets up a claim which

The St. Louis Gas Light Co. v. The City of St. Louis.

shows on its face that it is barred by the statute of limitations is bad on demurrer.

3. **Estoppel.** A party to a contract with another therein described as a corporation is, in an action on the contract, estopped to deny the other's incorporation.

4. **St. Louis Gas Light Company, Authority of.** The St. Louis Gas Light Company was authorized to charge against the city of St. Louis the tax imposed by the United States upon illuminating gas.

5. ———: SETTLEMENT. A settlement made by the city auditor with the gas company is, in the absence of fraud or mistake, conclusive as to the amount due by the city at the date of the settlement.

6. ———: PRESUMPTION. That the city auditor entered as charges against the city upon his books the bills of the gas company is presumptive evidence that each bill was properly audited at the date of its entry.

7. **Municipal Corporation, Books of:** EVIDENCE. The books of account of a municipal corporation kept by the proper officer are *prima facie* evidence of the facts therein stated and are competent to charge the city.

8. **Contract, Construction of:** INTEREST. Under the tripartite agreement of February 28, 1873, interest on the bills of the gas company against the city ran from the date when each bill became due.

9. **Compound Interest:** CONTRACT. To warrant a charge of compound interest a contract to that effect, either express or implied, must be shown.

10. ———: ———. An accounting between the two parties and the striking of a balance are not evidence in this case of a contract for compound interest on the interest included in the balance.

11. **Charter of Corporation, Expiration of by Limitation.** The question as to whether the charter of a corporation has expired by limitation of time can be adjudicated only in a direct proceeding by the state.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

---

*These syllabi are taken from 11 Mo. App. pp., 55, 56.

*Glover & Shepley* and *Noble & Orrick* for respondent.

HENRY, C. J.—This is a branch of a litigation between these corporations, with which the courts have had ample opportunity to become familiar. The principles of law involved are so simple and well settled, that if the controversy involved but a few dollars, instead of a large sum, and was between two individuals, instead of two immense corporations, it would most probably never have been heard of either in the St. Louis court of appeals, or this court. The opinion delivered in the cause by the court of appeals, satisfactorily disposes of every material question involved; and, while there are some utterances in the opinion to which we are not prepared either to give our assent or to express our dissent from, not deeming it necessary to a disposition of the cause, we are satisfied that the court of appeals reached a correct conclusion, and affirm its judgment. All concur, except Sherwood, J., not sitting.