BRADLEY *et al.* v. REPPELL, *Appellant.*

In Banc, March 17, 1896.

1. **Corporation Created by Special Act:** PERIOD OF EXISTENCE LIMITED BY GENERAL LAW, WHEN. A corporation created in 1859 by special act of the legislature whose period of existence was not fixed by the act incorporating it, expired by limitation at the end of twenty years, as provided by the general statute in force at the time of the passage of the act creating it. Revised Statutes, 1855, p. 369, sec. 1.

2. **Corporation:** LIMITATION OF EXISTENCE: CONVEYANCE: EJECTMENT: EVIDENCE. After a corporation's period of existence has expired it ceases to be a corporation *de facto* and can not execute a valid conveyance, and one claiming by adverse possession, and not being party or privy to such deed, may question its validity as a link in plaintiff's chain of title in an action of ejectment by showing by the law that gave the corporation existence that it was at the time of making the deed incapable of executing a valid conveyance.

VOL. 133 mo—35

| | |
|---|---|
| 133 | 545 |
| 133 | 688 |
| 133 | 545 |
| 136 | 8 |
| 133 | 545 |
| 138 | 345 |
| 140 | 335 |
| 140 | 612 |
| 133 | 545 |
| 142 | 390 |
| 133 | 545 |
| 77a | 315 |
| 133 | 545 |
| 84a | 404 |
| 133 | 545 |
| f161 | 602 |
| 161 | 604 |
| 133 | 545 |
| e176 ³ | 28 |
| 176 ³ | 29 |

3. **Appellate Practice:** ERROR OF TRIAL COURT IN GRANTING NEW TRIAL: PRESUMPTION OF CORRECTNESS OF RULING UPON GROUNDS NOT SET OUT. Where the trial court erred in granting a new trial on the grounds set out in the record, the appellate court will presume that it acted correctly in denying the motion upon other grounds, and, where the motion for new trial containing such other grounds and the action of the court upon them is not contained in the bill of exceptions such action can not be reviewed upon appeal.

*Appeal from Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Teasdale, Ingraham & Cowherd* for appellant.

(1) The West Kansas City Land Company ceased to exist as a corporation on March 14, 1879. Laws of Missouri, 1858–1859, p. 292; 1 R. S. Mo. 1855, sec. 1, art. 1, chap. 34, p. 369; 2 Morawetz on Corp. [2 Ed.], sec. 1005, p. 965 and sec. 418, p. 396, vol. 1 of same; 2 Beach on Private Corp., sec. 780; *Scanlan v. Crawshaw*, 5 Mo. App. 337; *Fairchild v. Masonic Hall Ass'n*, 71 Mo. 526; *Marysville Inv. Co. v. Munson*, 44 Kan. 491; *State ex rel. v. Ladies, etc.*, 99 Mo. 533; *Krutz v. Paola Town Co.*, 20 Kan. 397; *Sturges v. Vanderbilt*, 73 N. Y. (28 Sickels) 384, 389; *Greeley v. Smith*, 3 Story C. C. 658; *Railroad v. Rainey*, 7 Cold. (Tenn.) 432; *Bank v. Trimble*, 6 B. Monroe (Ky.), 601; *Asheville Division v. Aston*, 92 N. C. 585; *White v. Campbell*, 5 Humph. (Tenn.) 38; *Eagle Chair Co. v. Kelsey*, 23 Kan. 635; *Bank v. Walker*, 66 N. Y. 427; *Bank v. Wrenn*, 3 Smede & M. 791; *Brook Transit Co. v. City*, 33 Sickels (78 N. Y.), 530; *State v. Bridge Co.*, 85 Me. 29, 30; *Cooper v. Oriental Ass'n*, 100 Pa. St. 405. (2) The question may be raised in the manner followed in this cause. 2 Morawetz on Private Corp. [2 Ed.] 1031, p. 987; *Investment Co. v. Munson*, 44 Kan. 491; *Casey v. Railroad*, 5 Iowa, 367; *Greeley v. Smith*, 3 Story C.

C. 658; *Land Co. v. Laigle*, 59 Tex. 345; *Pape v. Bank*, 20 Kan. 444; *People v. President, etc.*, 9 Wend. 383; *Harris v. McGregor*, 29 Cal. 124; *Mokelumne Co. v. Woodbury*, 14 Cal. 426; *Paschall v. Whitsett*, 11 Ala. 479; *Att'y Gen. v. Railroad*, 112 Ill. 538; *Ins. Co. v. Bank*, 68 Ill. 350; *Snyder v. Studebaker*, 19 Ind. 462; *Morgan v. Ins. Co.*, 3 Ind. 285; *Heaston v. Railroad*, 16 Ind. 278; Thompson on Corp., secs. 500, 505, 506, 530, 531, 1851, 1852. (3) Respondents, not having a complete or additional abstract, are satisfied with the abstract filed by appellant. R. S. 1889, sec. 2253; supreme court rule number 11. It is presumed as a matter of fact that the bill of exceptions contains all the evidence applicable to the particular rulings to which exceptions were saved, and that this court has before it the same matter which was decided by the trial court. Supreme court rule number 8; *Peltz v. Eichele*, 62 Mo. 174. It is presumed on an appeal that the trial court was correct in all its rulings, and the burden is on the appellant to show the error. *Long v. Long*, 96 Mo. 181; *Smith v. Johnson*, 107 Mo. 497. The rule is that no exception is available on appeal except such as has been expressly passed upon by the trial court. *Bender v. Matney*, 122 Mo. 254; *Standard Milling Co. v. Transit Co.*, 122 Mo. 258.

*Hardwicke & Hardwicke* and *Porterfield & Pence* for respondents.

(1) It was the duty of the appellant and not of respondents to see that the transcript was perfect and complete and to preserve in the record the information necessary to a proper determination of the appeal. In the absence of the evidence, the instructions and the motion for new trial, it is impossible for this court to determine whether the lower court committed error in

sustaining the motion for a new trial, and every reasonable presumption will be indulged in favor of the correctness of the ruling of the trial court and its order sustaining the motion for new trial should be affirmed. *Kennedy v. Holliday*, 105 Mo. 24; *Smith v. Johnson*, 107 Mo. 494; *Brand v. Cannon*, 118 Mo. 595; *Flynn v. Neosho*, 114 Mo. 567; *Whiting v. Kansas City*, 39 Mo. App. 259; *Vaughan v. Kansas City*, 34 Mo. App. 141. (2) The supreme court can not determine whether the lower court has committed error in making any ruling, without having before it the same matter upon which the lower court has passed. *Brand v. Cannon*, 118 Mo. 595. (3) On appeal from an order granting a new trial, the supreme court in reviewing the action of the trial court is not confined to the ground stated in the order of the court granting the new trial, but will examine all the grounds set forth in the motion for a new trial, and if the order of the court can be sustained upon any one ground set forth in the motion, the order granting the new trial will be affirmed. "The order of the court may be proper but the ground upon which it is made be improper." *Hewitt v. Steele*, 118 Mo. 463; *Lovell v. Davis*, 52 Mo. App. 342. (4) It is not the verdict and judgment in this case but the order of the court setting them aside which is presumed to be correct. It is from this order that the appeal is taken. Its correctness will be upheld by every reasonable presumption and in the absence of the matters upon which the court passed in making the order, the supreme court can not do otherwise than affirm the order of the trial court. Authorities cited under division 1; *Overholt v. Vieths*, 93 Mo. 422. (5) It is the settled law of this state that a conveyance to or by a corporation *de facto* can be assailed on the ground of lack of corporate existence only by the state. *McIndoe v. St. Louis*, 10 Mo. 576; *Chambers v. St. Louis*, 29 Mo. 576; *Land v.*

*Coffman*, 50 Mo. 243; *Shewalter v. Pirner*, 55 Mo. 218; *St. Louis v. Shields*, 62 Mo. 247; *Catholic Church v. Tobbein*, 82 Mo. 418; *Finch v. Ullman*, 105 Mo. 255; *Crenshaw v. Ullman*, 113 Mo. 633; *Ins. Co. v. Smith*, 117 Mo. 261; *Gaslight Co. v. St. Louis*, 11 Mo. App. 64, 65; affirmed in 84 Mo. 302; 2 Morawetz on Corp., secs. 745–778; 1 Beach on Corp., secs. 13 and 14; Cook on Stock and Stockholders, sec. 637.

## DIVISION ONE.

BRACE, P. J.—This is an action in ejectment in common form to recover the possession of certain lands described in the petition situate in Kansas City, instituted in the circuit court of Jackson county, taken thence by change of venue and tried in the circuit court of Clay county. The answer was a general denial, and a plea of the statute of limitations as to a part of the land, and no claim as to the remainder. Issue was joined by reply.

On the trial, at the close of the plaintiff's evidence, the court sustained a demurrer to the evidence as to the plaintiff T. C. Bradley, and overruled it as to the other plaintiffs Samuel F. Freeman and The Atlas Investment Company. The trial then proceeded, and after all the evidence was heard the issue was submitted to the jury who returned a verdict for the defendant. Thereupon plaintiffs filed motions for new trial and in arrest of judgment. The motion for new trial, coming on to be heard, was sustained and the verdict set aside on the following grounds, specified of record:

"9th. Because the court erred in refusing to admit as evidence a certified copy of the warranty deed dated August 20, 1880, from the West Kansas City Land Company to Charles W. Whitehead, which certified copy was offered in evidence by plaintiff."

"16th. Because the court erred in refusing to admit as evidence the certified copy of the quitclaim deed from the West Kansas City Land Company to Charles W. Whitehead, which is offered in evidence by the plaintiff."

From the order sustaining this motion and setting aside the verdict, the defendant appeals.

1. By a special act of the legislature approved March 14, 1859 (Sess. Acts, 1858-1859, p. 292) the West Kansas City Land Company was incorporated with power "to make contracts, sue and be sued," and to "purchase and hold any quantity of land in Kaw township, in Jackson county, Missouri, not exceeeding one thousand acres; to lay the same off into parks, squares, and lots; improve, sell, or convey the same by deed; to repurchase and reconvey any portion of the same, when necessary in transacting the legitimate business of said company; and purchase and hold any personal property necessary for the purposes above indicated." Nothing was said in the act either directly or indirectly as to the duration of the company's corporate existence.

By the general law in force at the time this company was thus incorporated it was provided that "every corporation, as such, has power: *First*. To have succession by its corporate name, for the period limited in its charter, and when no period is limited, for twenty years." R. S. 1855, vol. 1, p. 369, sec. 1. And that "upon the dissolution of any corporation, * * * the president and directors, or managers of the affairs of said corporation, at the time of its dissolution, * * * shall be trustees of such corporation, with full power to settle the affairs, etc." R. S. 1855, vol. 1, p. 375, chap. 34, sec. 24.

The corporation thus chartered was an ordinary business corporation whose corporate existence by

virtue of these statutory provisions expired on the fourteenth of March, 1879, and the two deeds rejected by the court upon the trial were executed after that date in the name and under the corporate seal of the company "by William McCoy, President" "Attest, Edw. A. Allen, Secretary."

The defendant objected to the introduction of these deeds offered in evidence by the plaintiffs as constituting a part of their chain of title, and in support of his objections read in evidence the act of the legislature aforesaid incorporating said company, and it was admitted that said company, in whose behalf said deeds had been so executed, was the same company by said act incorporated, and that it was never thereafter reincorporated.

The defendant's claim of title was by adverse possession, and there is not in the case any question of estoppel to deny the existence of the corporation by reason of the relation sustained by the defendant to the land company or of any dealings by him directly or indirectly with it, or any person connected with or representing it. Why, then, should the defendant be precluded from showing by the law that gave that company its corporate existence that at the time these deeds were made it was dead; incapable of executing a legal conveyance of the real estate in question, and that said deeds were therefore void, and no evidence of title?

The answer returned by the counsel for plaintiffs to this question is, "that it is the settled law of this state that a conveyance to or by a corporation *de facto* can be assailed on the grounds of lack of corporate existence *only by the state*."

This answer does not meet the question, unless it be assumed that a corporation, whose corporate existence has expired by the terms of the law which created

it, still exists as a *de facto* corporation as to all persons except the state, an assumption that we think is not sustained by the authorities cited, and is not "the settled law in this state."

On the contrary, in this state, as elsewhere, unless otherwise provided by statute, the law is, that where the term of the existence of a corporation is fixed by its charter or the general law, upon the expiration of that term the corporation becomes *ipso facto* dissolved; it can no longer act in a corporate capacity and its title to property ceases. 2 Beach, Priv. Corp., sec. 780; 2 Morawetz, Priv. Corp., sec. 1031. In such an event in this state the title to its property is by statute devolved upon trustees for the settlement of its affairs and the distribution of its assets. R. S. 1855, *supra;* R. S. 1889, sec. 2513. And thereafter it has no power to make a legal contract or convey property in its corporate name and capacity; it ceases to be a corporation *de jure et de facto*, for the reason that there is no law in force authorizing its existence, and no law by virtue of which it *might exist*, and no person, unless estopped by his own action, ought to be, or can be, precluded from showing this fact, apparent on the face of the law itself, without the necessity of any judicial investigation, in an issue involving his own personal rights and interests.

An examination of the authorities cited by counsel for respondents, and of all the other cases touching this question, will show that it has never been otherwise ruled in this state, nor elsewhere so far as we have been able to discover.

The first case cited by counsel for respondent, *McIndoe v. St. Louis*, 10 Mo. 576, does not touch the question, side, edge, or bottom. The cases of *Chambers v. St. Louis*, 29 Mo. 543; *Land v. Coffman*, 50 Mo. 243; *Shewalter v. Pirner*, 55 Mo. 218, and *Conn. Mu-*

*tual Life Ins. Co. v. Smith*, 117 Mo. 261, go no farther in the direction of our present inquiry than to hold that where *an existing corporation* has power to acquire, hold, and dispose of land, the question whether such corporation has transcended the limits of such power in respect thereto can only be raised and determined in a direct proceeding by the state against the corporation. But this falls far short of the question here which goes to the fact of the *existence* of the corporation, conceded in these cases.

It is also well settled law that one who has contracted with an organization as a corporation in its corporate name is estopped from denying the existence of such corporation at the time of making the contract or of alleging any defect in its organization affecting its capacity to contract or sue as a corporation upon such contract. 4 Thomp. Corp., sec. 5275; 4 Am. and Eng. Encyclopedia of Law, p. 198, and cases cited, note 1, p. 199; 2 Morawetz, Priv. Corp., secs. 750, 753; 1 Beach, Priv. Corp., sec. 13.

And so it has been ruled in this state in many cases, including those next cited in the brief of counsel for respondent. *Railroad v. McPherson*, 35 Mo. 13; *Ins. Co. v. Needles*, 52 Mo. 18; *St. Louis v. Shields*, 62 Mo. 247; *Stoutimore v. Clark*, 70 Mo. 471; *Studebaker Bros. v. Montgomery*, 74 Mo. 101; *St. Louis Gaslight Co. v. St. Louis*, 84 Mo. 202, affirming 11 Mo. App. 55; *Broadwell v. Merritt*, 87 Mo. 95; *Granby Mining Co. v. Richards*, 95 Mo. 106.

Of course such estoppel extends as well to the *privies of*, as to the parties *to*, such contracts. *Hasenritter v. Kirchhoffer*, 79 Mo. 239; *Ragan v. McElroy*, 98 Mo. 349; *Broadwell v. Merritt*, 87 Mo. 95; *Reinhard v. Lead Mining Co.*, 107 Mo. 616.

The ruling in none of these cases, however, supports the contention that the deeds should have been

admitted in evidence in the case in hand, in which, as has been already seen, there is no question of estoppel.

Nor do the cases of *Finch v. Ullman*, 105 Mo. 255, or *Crenshaw v. Ullman*, 113 Mo. 633, cited by plaintiff's counsel, in which it was ruled (where there was a law authorizing the existence of the corporation, at the time when the organization assumed to act, and did act, as such corporation) that its corporate existence as to such act could not be called in question in a collateral proceeding, sustain respondent's contention.

It is true in these and other cases it is sometimes broadly stated as settled law, in substance, "that a transfer of property to or by a corporation *de facto* will be binding and valid as against all parties except the state," but this is simply a restatement in another form of the proposition ruled. It implies that the case is one in which a corporation may by law exist, for there can be no corporation *de facto* when there can not be a corporation *de jure* (1 Beach, Priv. Corp., sec. 13; 4 Thomp. Corp., sec. 5275; 1 *Ibid.*, sec. 523); at least as to any person who is not precluded by his own action, or that of those under whom he claims, from questioning its existence. Whatever may be the rule as to these, as to all other persons there must be at least color of law for its corporate existence to preclude such inquiry, and it would seem to go without saying that a law which gives existence to a corporation for a certain number of years, at the end of which time it must surely die, can not give color to its corporate existence after the date of its death as decreed by the terms of that same law.

Judge THOMPSON, in his recent work on private corporations, says: "There is much judicial authority for the proposition that where a corporation is brought to an end by lapse of time, that is, by the *expiration* of the distinct *limitation* of its life in its charter, any

further exercise of its corporate powers may be questioned collaterally. The governing principle here is that, upon the expiration of the term limited by the charter for the existence of the corporation its dissolution is complete. 'The dissolution in such a case,' it has been said, 'is declared by the act of the legislature itself. The limited time of existence has expired, and no judicial determination of that fact is requisite. The corporation is *de facto* 'dead.'" Thomp. Corp., sec. 530, citing in support of the text, *People v. Manhattan Co.*, 9 Wend. (N. Y.) 351; *Morgan v. Ins. Co.*, 3 Ind. 285; *Wilson v. Tesson*, 12 Ind. 285; *Grand Rapids Bridge Co. v. Prange*, 35 Mich. 400; *Dobson v. Simonton*, 86 N. C. 492; *Sturges v. Vanderbilt*, 73 N. Y. 384; *Bank of U. S. v. McLaughlin's Adm'r*, 2 Cranch C. C. (U. S.) 20.

Further on in the same section, however, he says: "On the other hand, it has been ruled in Missouri that the question whether the charter of a corporation has expired by limitation of time, can be *adjudicated* only *in a direct proceeding* by the state,—that such a defense can not be set up collaterally in an action by the corporation"—citing the single case of *St. Louis Gaslight Co. v. St. Louis*, 84 Mo. 202, affirming 11 Mo. App. 55.

In *Sturges v. Vanderbilt, supra,* decided in 1878, RAPALLO, J., said: "It is further claimed, that, until a corporation is declared dissolved by judicial decree, creditors may proceed against it by its corporate name, and that it remains *in esse* until formally adjudged dissolved. All the cases cited in support of this proposition relate to a dissolution in consequence of insolvency or nonuser or misuser of the corporate franchises, or some other cause of forfeiture. In such cases, it is well settled that the dissolution does not take effect until judicially declared. But the principle upon which that class of cases rests is not applicable to a dissolution

by expiration of the charter. The dissolution in such a case is declared by the act of the legislature itself. The limited time of existence has expired and no judicial determination of that fact is requisite. The corporation is *de facto* dead. (*People v. Walker*, 17 N. Y. 503; *Greeley v. Smith*, 3 Story, C. C. R., 658.) Where the charter of a corporation is annulled by act of the legislature, the corporation is extinct and no judgment can be rendered against it. (*Mumma v. Potomac Co.*, 8 Pet. 286; *Merrill v. Suffolk Bk.*, 31 Me. 57.) We have been referred to no authority holding a contrary doctrine."

After a very extended search for, and a careful examination of, the cases both before and since the date of this decision, we also have been unable to find any authority contrary to this doctrine; unless it can be found in the *Gaslight Company* case above cited by Judge THOMPSON, or in *Miller v. Coal Co.*, 31 W. Va. 836, also cited by him, and to these cases our attention will now be directed.

In *St. Louis Gaslight Co. v. St. Louis*, which was an action by a corporation upon a written contract entered into between plaintiff and defendant, the defendant claimed that the plaintiff could not maintain its action thereon because its corporate life had expired before the making of the contract and the institution of the suit. Upon this claim the court ruled, that the defendant, having, by entering into the contract with the plaintiff, admitted the capacity of the plaintiff to enter into a binding obligation as a corporation, was estopped to deny plaintiff's corporate existence, when sued upon a promise contained in such contract. After having by this ruling fully covered the point in issue, Judge THOMPSON, who delivered the opinion of the court, in the same connection closed this paragraph of his opinion by adding the following dicta: "Wheth-

er or not its charter has expired by limitation is a question which can not be adjudicated in a collateral proceeding such as this. *It can only be raised in a direct proceeding between the state of Missouri and the defendant.* *City of St. Louis v. Shields,* 62 Mo. 247, 251."

The case cited by the learned judge was one in which it was sought to draw in question the constitutionality of an act incorporating the plaintiff, in which the court held that the act was constitutional, and further that the defendant, having entered into the. contract with the city, admitted its corporate capacity and was estopped from denying it in an action upon such contract. While the latter ruling supports the ruling in the case in which it is cited by Judge THOMPSON, and is in harmony with all the cases, it does not support *his dicta* therein, that the question whether the charter of the corporation has expired by limitation" *can only be raised in a direct proceeding between the state of Missouri and the defendant."* The *dicta* being, then, *obiter* to the case then in hand, and unsupported by the case cited for it, is not to be regarded as authority.

In the case of *Miller v. Coal Co.,* 31 West Va. 836, it was held, under the statute of that state, providing, in effect, that when a corporation shall expire or be dissolved suits may be brought, continued, or defended, property conveyed, and all lawful acts be done in the corporate name in the like manner and with like effect as before such dissolution or expiration so far as is necessary to wind up its affairs, that a corporation continuing in business, and committing a tort after the expiration of the term of its existence as provided by its charter, was precluded from setting up the expiration of its corporate existence as so provided in an action against it by the person injured by such tort. Here we have a law by which the corporation might

exist for certain purposes after its charter term had expired, and a state of facts which precluded the corporation from denying its existence; in other words, *law for the existence of the corporation,* and an *estoppel to deny it.* These two elements are alike wanting in the proposition of the *dicta,* and in the facts of the case under consideration, and this *West Virginia* case no more than the case of the *St. Louis Gaslight Co. v. St. Louis,* 11 Mo. App. 55 (*the ruling in which, but not the dicta,* was approved in 84 Mo. 202) is authority for his proposition or the respondent's contention in the case in hand.

We are cited by counsel for respondent to one other case, which has not yet been noticed, the case of the *Catholic Church v. Tobbein,* 82 Mo. 418, in which it was held that the plaintiff suing as a corporation acquired no right to property devised to an unincorporated organization of the same name, by a will which took effect before the plaintiff was incorporated.

It can not be seen how this case can in any way support the respondent's contention. On the contrary the ruling could have been made only upon an inquiry and finding that the alleged corporation was nonexistent at the time the will took effect. It was nonexistent then because there was no law authorizing its existence.

If inquiry could be legitimately made in that case whether there was any law in force authorizing the existence of that corporation, why can not a like inquiry be made in the present case?

The defendant was not precluded from making such inquiry by any act of his own, or of any other person under whom he claimed. He did not propose to bring in question the validity of any law, authorizing the existence of the corporation at the time these deeds were made, or the regularity or validity of the

corporation organized under such law, or the validity of any of the acts of such corporation to determine which would require judicial investigation, but simply to show by the law which once had given corporate existence to the West Kansas City Land Company, that at the time these deeds purport to have been executed that corporation had ceased to exist, and could not have executed them. Upon no principle of law with which we are familiar can he be precluded from so doing, and we think no well considered case can be found, that, properly understood, gives support to a ruling to that effect.

We have been speaking of the law of the company's existence as a unit, for we fail to discover how the fact that the limit of the term of existence being contained in the general law, and not in the special act, can in any way affect the principle we have been discussing. The general law became a part of the charter of the company at the moment of its creation and must be read into it the same as if it had been written therein.

It follows from what has been said that the trial court committed no error in rejecting the deeds aforesaid when offered in evidence by the plaintiffs, and that it did commit error in setting aside the verdict for defendant and granting a new trial on the ground that it did commit error in refusing to admit said deeds in evidence.

2. It is contended, however, that the action of the court in this behalf ought not to be reversed for the reason that the court may have been warranted in setting aside the verdict and granting a new trial upon some of the grounds stated in the motion other than the two upon which it based its action, and which alone are brought here for review by defendant.

The law requiring that in every order granting a new trial the grounds upon which the new trial is granted shall be specified of record, and the trial court having specified only these two, it must be presumed that no other ground was found in the motion for sustaining the application for a new trial. The effect of its action in sustaining the motion on the grounds specified of record was to overrule the motion as to the other grounds therein set out.

The court may have erred in overruling the motion as to some of these other grounds; but the presumption is that the court acted correctly in so ruling, and the burden of showing that it committed error devolved upon the respondents against whom such adversary ruling was made, and if they would have this court review that action they must point out some other ground in the motion upon which it ought to have been sustained. In order to do so it was necessary that the motion for a new trial containing such ground and the action of the court upon which it was based should have been made a part of the bill of exceptions, and thus appear in the record for review. The only abstract of the record that we have in this case is that of the appellant, in which no other grounds appear than the two specified of record. No counter abstract has been filed by the respondents, as provided by law (R. S. 1889, sec. 2253), calling in question the correctness of appellant's abstract; so that the bill of exceptions and the record proper as therein set out present the only matters before us for consideration.

We can review cases only upon the record made by the trial court, authenticated to us in the manner provided by law, and having thus reviewed this case and found that the trial court committed error in setting aside the verdict and granting a new trial for the reasons specified of record, and no other ground for

such action appearing upon the record thereof before us, the same is reversed and set aside and the cause will be remanded to the circuit court with directions to enter up judgment in accordance with the verdict. All concur.

### IN BANC.

PER CURIAM.—The foregoing opinion handed down in division number one is adopted as the opinion of the court *in banc*, GANTT, SHERWOOD, MACFARLANE, and BURGESS, JJ., concurring with BRACE, C. J., therein; BARCLAY and ROBINSON, JJ., dissenting. Judgment will therefore be entered as directed in the opinion.