## THE STATE ex rel. MILO E. HARTMAN v. W. O. THOMAS, Judge.

### In Banc, July 2, 1912.

1. **APPEAL: From Order Granting New Trial: Bill of Exceptions: Confined to One Matter Ruled.** An appellant who appeals from an order granting to defendant a new trial is required to include in his bill of exceptions so much of the record as will enable the appellate court to determine whether the action of the trial court can be sustained upon any of the grounds of the motion for a new trial. He does not have the right to have approved a bill which sets forth only that part of the record that relates to the ground or grounds of the motion upon which the court based its grant of a new trial. The appellate court is not warranted in directing a verdict reinstated and a final judgment entered, when only one of the many grounds of the motion for a new trial is before it.

2. ——: ——: ——: ——: **Who Should Prepare Bill.** The appellate court will not reverse the order of the trial court granting a new trial if that order can be sustained upon any ground of the motion. But no litigant can appeal from a judgment in his favor, and only the party who excepts to a ruling of the court can file his exceptions thereto; it therefore logically follows that the appellant alone can bring before the appellate court whatever record is necessary to decide whether the court's ruling in granting a new trial shall stand.

3. ——: ——: ——: ——: **Submitted to Respondent for Approval.** The law does not require an appellant to submit his bill of exceptions to the respondent for approval before presenting it to the court for allowance; that practice is adopted in order to save the court the labor of an examination as to the correctness of the bill. Nor is a respondent required to say what additional part of the record he desires to have added to the bill in order that he may assail the action of the court on appeal; nor is he required to bring before the higher court matters of record as to rulings to which he was not required to except.

245 Mo.—5

State ex rel. v. Thomas.

4. ——: ——: **Reasons For To Be Stated.** The statute requiring the court to state its reasons for granting a new trial was an amendment to the statute which denied more than one new trial to the same party except in case the jury erred as to the law or was guilty of misbehavior, and its purpose was to preserve for use, in case a second new trial was applied for, record evidence of the ground upon which the new trial was granted. This amendment was enacted four years before the enactment of the statute allowing an appeal from an order granting a new trial.

## Mandamus.

Writ denied.

*W. F. Guthrie* for relator.

(1) The sole question presented by the record is as to whether a defeated party may present in a short bill of exceptions the propriety of the ruling upon which he is defeated, or whether he must prepare a record covering everything that occurred in the trial court in order to enable the reviewing court to say whether the trial court was not perhaps right for some other reason. There is no question of greater general importance pending before this court—the question of encouragement or discouragement of the voluminous bills of exceptions prepared at an expense often prohibitive and always to be deplored, through which this court is required to laboriously wade in case after case. There is no reported decision anywhere declaring that it is the duty of one seeking review to so encumber the record. It is a practice due to the laziness of lawyers and the modern stenographic system. It is contrary to the well-settled understanding of the courts everywhere. State ex rel. v. Jarrott, 183 Mo. 216; State ex rel. v. Gibson, 184 Mo. 502. This has been understood to be the rule in this State from an early date. Resort v. Brooke, 10 Mo. 533; Wallace v. Boston, 10 Mo. 663; Walls v. Gates, 4 Mo. App. 6; 2 Cyc. 1085. "Only so much of the evidence, however, as is needed to show the questions raised by appellant or

plaintiff in error should be incorporated in the bill of exceptions, case, or statement of facts.'' On the contrary, the courts have frequently severely criticised the process of loading them down with extensive records when the question could be briefly presented. Lincoln v. Claflin, 7 Wall. 136; Lewis v. United States, 146 U. S. 370. They even go to the extent of taxing against a successful appellant the expense of unnecessary and superfluous parts of the record. Ferry Co. v. Railroad, 5 Mo. App. 347; Stark v. Hill, 31 Mo. App. 108. The only excuse of the trial judge for insisting upon our making a record of several hundred pages to present one question is to enable the reviewing court to apply the rule that where the entire record shows that the result below was right, the action of the court would be sustained, even if this action were based upon a wrong theory. But this is a rule which prevails in every court of every jurisdiction, as well as in' Missouri, and it never seems to have been suggested before as a reason why the party desiring review should be compelled to present everything that occurred in the trial court in order that a possible claim of this kind in favor of his adversary might be presented. Such a theory would absolutely destroy the idea of brief bills of exceptions. It would be prohibitive of many just appeals. It would have been a practically impossible burden in most cases prior to the day of stenographers. And the law has not been changed since that time. Such a theory would nullify the statute providing for the assignment of the reasons for granting a new trial. The only possible purpose of such statute is to advise the complaining party in the reviewing court of the action of the court below in such manner that the review might be directed to the question actually decided. All must concede the propriety of affirming an order of a lower court which was right in fact, no matter what the reason for it was, if the record presents a proper case for such

action. But this is no reason why a party seeking review and complaining of a ruling which can be succinctly and briefly presented, should be compelled to prepare an enormous and expensive record upon the theory that perhaps somewhere in the mass so presented, may be disclosed a justification for sustaining the result in spite of the ruling complained of. It is equally a familiar rule that every presumption is indulged in favor of the action of trial courts. They are presumed to have been right in all that they did until the contrary affirmatively appears. Why should a record be amplified upon a contrary presumption that such amplification may disclose an error? The statute itself contemplated a review of motions for a new trial upon limited grounds. There ought to be no earthly reason for requiring a trial judge to specify the grounds of his action in sustaining a motion for a new trial except to enable an attack upon his action to be directed to the very grounds thereof, and to exclude any possible presumption that the ruling was based on some other ground. (2) If the defendant in this case believes there was any error in the proceedings of the court below which would have offset the error in ruling upon the motion for a new trial upon the ground complained of, then it was the duty of the defendant to have pointed out to the court below such proceeding as would have offset the action of the court complained of and asked to have had that incorporated in the bill of exceptions. The trial court would have undoubtedly recognized any reasonable request of this kind. The defendant below could not simply rear back and say: "I think there is error somewhere in the record; I do not know just where; but I want the whole record brought up so that it may be searched for later." Nor was the defendant without remedy. Any party desiring to have any action of the court preserved upon the record can prepare a bill of exceptions. The defendant could have prepared

and had allowed any true bill he desired in this case. The statute authorizes it. The practice of counter-bills of exceptions on behalf of the successful party has been approved. Stoeckman v. Railroad, 15 Mo. App. 503. (3) All question of the propriety of such practice was taken out of this case by our offer to the trial court, repeated in our alternative writ, to consent to the allowance of any true bill of exceptions which the defendant might desire to have made of record, either as an independent bill or by adding the matter to our bill of exceptions. It was the duty of the trial judge to find out for himself what the evidence at the trial was, and make the bill of exceptions speak the truth in any matter in which it did not. Sec. 2030, R. S. 1909; Morse v. Kimball, 155 Mo. 579.

KENNISH, J.—This is an original proceeding by mandamus. Respondent made return to the alternative writ of this court, and relator moved for judgment. No question is presented as to the sufficiency of the pleadings, and the facts are not controverted.

It appears from the record that at the April term, 1910, of the circuit court of Jackson county, in an action there pending in which relator was plaintiff and E. L. Morse was defendant, a verdict was returned in favor of relator in the sum of $1001. The defendant in due time filed a motion for a new trial containing thirteen separate grounds, one of which was "because the court erred in refusing to admit proper, legal and competent evidence offered by defendant." After argument the motion was taken under advisement by the court and the case continued to the October term, 1910, at which term the motion was sustained and a new trial granted, upon the ground, as specified of record, "for the failure to make proper rulings as to the admissibility of the evidence of Ora B. Hartman." Ora B. Hartman was a witness for the defendant. Relator excepted to the ruling of the court and at the

same term filed a motion to set aside and vacate the order granting the new trial, upon the several grounds therein set out. The motion to vacate was taken under advisement by the court and the cause continued to the January term, 1911, at which time the motion to vacate was overruled and relator excepted. Thereupon, and at the said January term, 1911, relator filed an application praying an appeal ''from the order of the court overruling plaintiff's motion to vacate and set aside the order granting a new trial.'' An appeal was allowed to the Kansas City Court of Appeals, and at the same term relator presented to the court for allowance his bill of exceptions, in which was truly stated all of the proceedings at the trial bearing upon the testimony of Ora B. Hartman and upon which the court based its order granting a new trial. It is alleged in the alternative writ that: ''Previous to the presentation of said bill of exceptions, the plaintiff notified the defendant that same would be presented and allowance and entry of same of record asked, accompanying such notice with a copy of the proposed bill of exceptions, and in such notice notifying defendant that he would 'consent to the allowance to the defendant at that time, or at such future time as the court may fix for the consideration thereof, any additional bill of exceptions which the defendant may desire to have allowed and which may be true in fact.' Pursuant to such notice said plaintiff and defendant appeared before said court at the November, 1911, term thereof, and said defendant objected to the allowance and entry of said bill of exceptions on the ground that he was entitled to have the proceedings fully set forth in order that the appellate court might determine whether the order granting a new trial should be sustained for some reason not given by the court, even if not sustained on the ground given by the court in sustaining the same, but defendant did not suggest to the court in any manner the lack of

verity of the bill of exceptions as presented as far as the facts therein recited were concerned, and did not ask that any particular matter or thing should be inserted in or added to said bill of exceptions in order to make same a correct and true bill of exceptions.''

At the January term of said court, 1912, the court refused to allow and sign the bill of exceptions presented by appellant, and indorsed his grounds of refusal on the back thereof as follows: ''As judge of said court who tried said cause, I refuse to allow the within bill of exceptions, not because the recitations therein are not true as far as the proceedings are recited, but because the defendant objects on the ground that he is entitled to have the proceedings fully set forth in order that the appellate court may determine whether the order granting a new trial should not be sustained for some reason not given by the court, even if not sustained on the ground given by the court in sustaining the same.''

It is further alleged in the alternative writ that at the time of the foregoing refusal of the court the attorney for the defendant was present, but did not ask leave to insert other recitations in said bill or to file any additional bill of exceptions on behalf of defendant; that relator is willing and consents that defendant may, at defendant's expense, insert in said bill any additional recitations, true in fact, or prepare and have allowed any additional bill of exceptions, true in fact, and that ''said bill of exceptions so presented was true as to each and every matter and thing therein contained and set forth.''

The facts alleged in the pleadings sufficiently appear in the foregoing statement, for the purpose of this decision.

It is a principle of the law of mandamus that the relator must have a clear right to the performance of the act sought to be coerced by the mandate of the court. Under this rule a number of questions might

be raised upon this record as to the right of the relator to have the purported bill of exceptions signed and allowed by respondent at the time the same was presented for that purpose. There is also the question as to the authority of a court to refuse to sign and allow any bill of exceptions, provided the same is true so far as it goes. However, we shall consider only the one broad issue which the parties seem to have agreed shall be determinative of the case. That question is: Is an appellant, in an appeal from an order granting a new trial, required to include in his bill of exceptions so much of the record as will enable the appellate court to determine whether the action of the trial court can be sustained upon any of the grounds of the motion for a new trial, or only such part of the record as relates to the ground or grounds of the motion upon which the court based its ruling?

That the question presented is of great importance is well illustrated by this case. The portion of the record necessary to the review of the court's action as to the sole ground upon which the new trial was granted could be limited to a few pages, while that covering the entire thirteen grounds would amount to a large volume. The expense to an appellant and the labor involved in the investigation af the case on appeal would bear about the same relation according as the one rule or the other obtains.

Until the year 1891 an appeal from an order granting a new trial was not allowed in this State. In that year the statute governing appeals was amended (Laws 1891, p. 70) so that an appeal was also authorized "from any order granting a new trial," and so the law has remained until the present time.

Although many cases have been decided in our appellate courts involving a construction of the Act of 1891, there has been no direct pronouncement upon the issue now in judgment. Some questions arising under that act and indirectly bearing upon the mat-

ter before us have been passed upon by the appellate courts and may be considered as settled. It is settled that the appellate court will not reverse the order and judgment of the trial court granting a new trial if it can be sustained upon any ground of the motion, even though not sustainable upon the ground specified of record. [Chandler v. Gloyd, 217 Mo. 394; Emmons v. Quade, 176 Mo. 22; Bradley v. Reppell, 133 Mo. 560; Hewitt v. Steele, 118 Mo. 463.] And if the trial court fail to specify the ground upon which the new trial is granted, as required by section 2023, Revised Statutes 1909, the judgment will be affirmed unless the appellant can satisfy the court that the new trial should not have been granted upon any ground contained in the motion. [Stoner v. Royar, 200 Mo. l. c. 451; Pierce v. Lee, 197 Mo. 480; Roe v. Bank of Versailles, 167 Mo. 406.] When the record discloses the ground or grounds upon which the court granted the new trial, then, as a matter of course and as all of the cases hold, the appellant carries the burden of showing error as to the ruling upon such ground or grounds. [Stoner v. Royar, supra; Ittner v. Hughes, 133 Mo. l. c. 688.]

In the case before us the court did state the ground of its ruling, and the question is presented: Does the appellant carry the burden of showing by the record that the court's action was erroneous and cannot be upheld upon any one of the remaining twelve grounds, as well as upon the one specified, or must the respondent bear the burden of making it appear that the court's action was right and can be sustained upon some one of the other twelve grounds, though not upon the ground stated, and for that purpose have the burden of bringing up so much of the record as will enable him to maintain that contention?

It has been held in several cases that the appellant assumes the burden of showing error only as to the ground upon which the court acted, and as to the

other grounds of the motion the presumption will be indulged that the court's ruling was right, until the respondent shows the contrary. [Bradley v. Reppell, 133 Mo. 545; Ittner v. Hughes, 133 Mo. 679.] It has also been held that in maintaining that the court's ruling should be sustained upon some other ground of the motion than that upon which the new trial was granted it is not necessary that respondent should have excepted to or appealed from the adverse ruling of the court upon such other ground. [Bradley v. Reppell, supra; Ittner v. Hughes, supra.] In Ittner v. Hughes, 1. c. 688, this court said: "To obtain the benfit of such a view of the record, on an appeal, it is not necessary for the party who obtained the order for new trial, to except to, or appeal from, the order. What need of an exception on his part when he has obtained what he demanded? If his adversary seeks to have the order reviewed, the successful party to the order should, however, see to it that the final record discloses the matters on which he relies to sustain the result of the circuit ruling." And in the case of Bradley v. Reppell, supra, 1. c. 560, this court discussed the same subject as follows: "The court may have erred in overruling the motion as to some of these other grounds; but the presumption is that the court acted correctly in so ruling, and the burden of showing that it committed error devolved upon the respondents against whom such adversary ruling was made, and if they would have this court review that action they must point out some other ground in the motion upon which it ought to have been sustained. In order to do so it was necessary that the motion for a new trial containing such grounds and the action of the court upon which it was based should have been made a part of the bill of exceptions, and thus appear in the record for review." In the foregoing excerpts the necessity of having sufficient of the record before the appellate court to enable it to review, not only the

ground upon which the order was based, but all of the others, is recognized. How that record is to be preserved and brought before this court and by whom, does not clearly appear; but in view of the fact that a litigant cannot appeal from a judgment in his favor and as only the party who excepts to a ruling of the court can file his exceptions thereto, it logically follows that the appellant alone can bring before the appellate court whatever record is necessary to decide whether the court's ruling in granting the new trial shall stand. While it is the practice for an appellant to submit his bill of exceptions to the respondent for approval before presenting it to the court for allowance, that practice is adopted in order to save the court the labor of an examination as to the correctness of the bill. We know of no statute or principle of law which requires an appellant to so submit his exceptions to a respondent, before signing and allowance by the court, nor by which a respondent can be required to say what additional part of the record, if any, he desires to have added in order that he may assail the action of the court on appeal. It is at variance with the principles of appellate procedure to require a respondent to bring before the higher court matters of record as to rulings which he was not required to except to nor appeal from. It is provided by the statute (Sec. 2081, R. S. 1909) that: "No exceptions shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court."

The decision excepted to and appealed from is the order granting a new trial, and it is the correctness of that ruling and not the reason for it that the appellate court is called upon to review. [14 Ency. Pl. & Pr. 975.] Appellant contends that the theory that the appellant should take up the record as to all of the grounds of the motion for a new trial "would nullify the statute providing for the as-

signment of the reason for granting a new trial,''
and that: ''The only possible purpose of such a stat-
ute is to advise the complaining party in the review-
ing court of the action of the court below in such man-
ner that the review might be directed to the question
actually decided.'' .This contention loses its force
when we consider the fact that the statute requiring
the court to state its reasons for granting a new trial
was enacted in the year 1887, while the act allowing
an appeal from an order granting a new trial did not
become the law until 1891. The former act was not
intended to affect appellate procedure, but rather was
in aid of the statute to which it was an amendment and
which denied more than one new trial to the same
party except in case the jury erred as to the law or
was guilty of misbehavior. The record evidence of
the ground of the new trial was thus preserved for
use in case a second new trial should be applied for.
[Smith v. Sedalia, 152 Mo. 1. c. 296.]

Many cases are cited by appellant in support of
the rule restricting the record on appeal to such mat-
ters as are involved in the questions up for decision.
However, the question for decision in this case is not
whether the order appealed from was right for the
reason stated by the court, but whether it was right
upon any of the grounds upon which the new trial
was asked. It will not do to say that the only issue
upon appeal, so far as appellant is concerned, is the
order of the court, limited to the reason given for
its action. If the court sustains the appellant, the
effect of the decision extends far beyond that issue.
The order appealed from sets aside the verdict and
vacates the judgment. The effect of sustaining ap-
pellant's contention and reversing the trial court is to
reinstate the verdict and judgment. Sec. 2082, R. S.
1909, forbids that we reverse the judgment unless
we believe error was committed ''against the appel-
lant . . . and materially affecting the merits of

the action.'' Under that rule would this court be warranted in directing a verdict reinstated and final judgment entered, when only one ground of the motion for a new trial was before it? We think not. There is a difference in this respect between an appeal from a final judgment and from an order granting a new trial. In the former if prejudicial error appears the judgment cannot stand, regardless of the record as to other alleged errors, while in the latter the appeal is from one ruling to which there is but one exception, and if that ruling is right upon any one of the grounds upon which it was asked, it should not be reversed. Illustrations of the justice of this rule readily suggest themselves. For instance, assume that a will be contested upon two grounds and that upon a trial the court by separate instructions directs a verdict sustaining the will; that in the motion for a new trial plaintiff challenged the court's action on each instruction as error, in separate grounds; that the motion should be sustained, the court giving as the reason for its action one ground only. In such case the plaintiff has secured all he asked for—a new trial—and could not except to or appeal from such ruling. Would this court, upon an examination of the record as to that one ground, hold that the order for a new trial was error and that the verdict and judgment should be reinstated, in the absence of the record as to the other ground? Manifestly the court in such case could not so rule without ignoring the statute. An interesting discussion by LAMM, J., indirectly bearing upon such a case, will be found in the case of Turner v. Anderson, 236 Mo. 523.

The appellant not only appeals as to one ground of the motion for a new trial, but in effect asks the court to direct an affirmance of the judgment in his favor, and he should be required to bring before the court so much of the record as will enable the court to decide that the respondent was not entitled to a

new trial upon any ground assigned, before directing final judgment against him. This rule may entail a hardship in many cases, and doubtless does in the case at bar, but we must declare the law as we find it.

For the reasons given the alternative writ should be quashed and the peremptory writ denied. It is so ordered. All concur.