————O————

SAMUEL BUTCHER, Plaintiff in Error, vs. THOMAS ROGERS, Defendant in Error.

1. *Ejectment—Chain of title through common source.*—In ejectment where both trace title through the same source neither need go farther back .

2. *Deeds—Terms, "grants, bargains and sells" amount to quit-claim, when.*—A deed which "grants, bargains and sells all the right, title and interest" of the grantor is merely a quit-claim conveyance and inoperative to convey an after acquired title.

*Error to Carroll Circuit Court.*

*Murat & Masterson,* for Plaintiff in Error.

*L. H. Waters, with Hale & Eads,* for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

Ejectment for lands in Carroll County. The title of the plaintiff was as follows:

"A deed from John Butcher to plaintiff, executed Nov. 15th, 1869, recorded Nov. 24th of that year; a deed of general warranty for a portion of the land in question, and quitclaim deed for the residue thereof, executed by Chas. Hager and wife to John Butcher, March 12th, 1860, and recorded April 7th, 1864; a title bond from Chas. Hager and wife to John Butcher for the land sued for, executed May 3rd, 1859, and recorded the next day. Upon this bond there was indorsed an assignment dated Sept. 10th, 1861, by John Butcher to plaintiff which was recorded Dec. 27th, 1869, and by agreement of parties, this assignment is to be considered as a deed from John Butcher to plaintiff.

The defendant's title consisted, first, of a deed for the land in suit, from Thos. Parsley to defendant, executed Feb. 20th, 1865, and filed for record the 23rd of that month; (this deed grants, bargains and sells " all the right, title and interest" that Parsley and wife have in the premises in dispute, and contains a recital in these words : ." their title being a sheriff's deed, said land being sold as the property of John Butcher, to satisfy an execution in favor of Austin Shine") and, second, of a deed for the land in controversy " made, acknowledged and delivered at the March Term, 1865," by the sheriff of Carroll County, to Thos. Parsley and duly acknowledged, but not recorded. This deed was not in existence, but secondary evidence was resorted to to supply this deficiency, showing the contents of the deed and that the property therein described was sold to Thos. Parsley as the property of John Butcher, under a special execution in favor of Austin Shine.

By the agreement of parties filed in this court, it is conceded that Austin Shine attached the property in litigation in March, 1863, as that of John Butcher, and under a judgment rendered in that year, in that cause, the attached property was sold at the March Term, 1864; there is no stipulation, however, as to the time when the deed to Thos. Parsley was made by the sheriff, and we are left to the record to ascertain when this deed was executed.

1. It is evident that plaintiff and defendant both claim title through the same common source, John Butcher. This is apparent from the deeds offered in evidence by plaintiff, and by those offered on behalf of defendant—the deed to the latter from Parsley expressly reciting that the title thereby conveyed was derived through sheriff's sale of John Butcher's land. Under such circumstances it was entirely unnecessary for plaintiff to trace a chain of title back to the Government.

2. The deed from Parsley to defendant, as before stated, and as shown by briefs of counsel on either side, as well as by the bill of exceptions, was executed February 20th, 1865. This deed was in effect a mere quit-claim deed and inoperative to pass an after acquired title. (Gibson vs. Chouteau's Heirs, 39 Mo., 536 and cas. cit.; Bogy vs. Shoab, 13 Mo., 365.) As this was the case, the title acquired by Parsley, defendant's grantor at the March Term, 1865. as shown both by the record and statement of counsel, could, by no possibility. enure to the benefit of defendant; and he therefore showed by the evidence which he adduced at the trial no defense whatever to plaintiff's action. For this reason the declaration of law given at the request of defendant, that plaintiff was not entitled to recover, was erroneous. This point has not been raised by counsel, but it is patent of record, and we are not at liberty to pass it by in silence. It may be that there has been a mis-recital of dates; if so, counsel have only themselves to thank for the bungling manner in which this record has been transcribed.

Judgment reversed and cause remanded.