BROADWELL, *Plaintiff in Error*, v. MERRITT.

1. **Corporation**: ESTOPPEL. A person who deals with a corporation is estopped to deny its legality or incorporation.

2. **The rule applied** to a case where one, for a valuable consideration, made a deed of real estate to the "German Building Association of Kansas City" as grantee before its articles of incorporation were filed with the secretary of state.

3. **Privity**: ESTOPPEL. One who holds under said grantor by subsequent conveyances, which are in effect quit-claim deeds, is in no better position than such grantor. He is in privity with and bound and estopped by the facts whtch estop said grantor.

*Error to Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Frank Titus* for plaintiff in error.

(1) The court erred in permitting the German Building Association to become a party to the action. No motion was filed to that effect, no reasons were specified and no time or opportunity given plaintiff in

Broadwell v. Merritt.

error to contest the propriety of the proceeding and there was no waiver as to it on plaintiff's part. R. S., secs. 2244, 3357 and 3358. The supposed deed from Little and wife, purporting to convey the property in question to The German Building Association of Kansas City, was inadmissible. Plaintiff's objections thereto should have been sustained. On the proof before the court it was clear that no grantee competent to take said land or the title thereto was named in said deed, and without such grantee no property passed by the deed, and the deed is void. · *Thomas v. Wyatt*, 25 Mo. 24; *Arthur v. Weston*, 22 Mo. 378; *Sloane v. McConahy*, 4 Ohio (Hammond) 170; *Hornbeck v. Westbrook*, 9 Johnson, 73; *Barker v. Wood*, 9 Mass. 419; 3 Wash. R. P. (3 Ed.) 217–240, top page; *Galt v. Galloway*, 4 Peters, 332; *Galloway v. Finley*, 12 Peters, 297; *U. S. v. Col. Coal & Iron Company*, U. S. Cir. Ct. Col., Nov. 1883; 18 Fed. Rep. 273. (2) An attempted corporation failing to file articles of association acquires no corporate existence. *Hurt v. Saulsbury*, 55 Mo. 310; *Richardson v. Pitts*, 71 Mo. 128; *Union Horse Shoe Co. v. Lewis*, 1 Abb. U. S. Rep. 518; *New Eel River Association v. Durbin*, 30 Ind. 173; *Kaiser v. Lawrence Bank*, 56 Iowa, 104; *In re Comstock*, 3 Sawyer (U. S.) 218; *Childs v. Smith*, 55 Barb. 45, 55; *Fire Dept. v. Kipp*, 10 Wend. 266; *Burt v. Farrar*, 24 Barb. 518; *Cin. Mut. Co. v. Rosenthal*, 55 Ill. 85; Field on Corporations, sec. 29. (3) A deed purporting to convey to a corporation grantee, the supposed grantee being without legal existence, is void. *Douthitt v. Stinson*, 63 Mo. 268; *Thomas v. Wyatt*, 25 Mo. 24; *Lumbard v. Aldrich*, 6 N. H. 269; *Sloane v. McConahy*, 4 Ohio, 157; *German Association v. Scholler*, 10 Minn. 331; *Hornbeck v. Westbrook*, 9 John. 73; *Barker v. Wood*, 9 Mass. 419; *Southern v. Harriman*, 16 Ind. 190. The same rule applies to a devise. *Green v. Dennis*, 6 Conn. (4) An estoppel to be created by deed must be between persons

*sui juris. Bank of America v. Banks,* 101 U. S. 240, 247; *Sinclair v. Jackson,* 8 Cowen, 543, 585; 2 Smith's Leading Cases, 716 (6 Am. Ed.); *Rogers v. Marsh,* 73 Mo. 64. (5) An estoppel does not arise if the deed on which the claim is based is void or inoperative. *Martin v. Zellerbach,* 38 Cal. 300; 2 Pomeroy's Equity, sec. 807, *et seq; Kercheval v. Triplett's Heirs,* 1 A. K. Marshall, 494; *Lessee of Patterson v. Pease,* 5 Ohio, 190, 192; *Cuthbertson v. Irving,* 4 Hurlst. and N. 754; 3 Washb. R. P. (3 Ed.) 100; Bigelow on Estoppel (3 Ed.) 286; *Douthitt v. Stinson,* 63 Mo. 279, *Nourse v. Nourse,* 116 Mass. 101. (6) The doctrine of estoppel cannot be carried to the extent of preventing a party from proving deed inoperative and void. *In re Comstock,* 3 Sawyer (U. S.) 218, 228; *Bales v. Perry,* 51 Mo. 449; *Spurlock v. Sproule,* 72 Mo. 510; *Doe v. Howells,* 2 Barn. and A. 744; *Doe v. Ford,* 3 A. and E. 649; *Winsted Sav. Bank v. Spencer,* 26 Conn. 195. (7) Even when estoppel is held to arise from deed it does not extend to a collateral action. *Carpenter v. Butler,* 8 M. and W. 209; *Merrifield v. Parritt,* 11 Cush. 598; 2 Smith's L. C., *supra,* 710. As the sole purpose of a deed is to pass title. *Roach v. Packard,* 10 Vt. 96. (8) And a warranty, covenant, or recital, in deed does not operate to confirm a right which would not pass independent of warranty. 2 Smith's L. Cases, *supra,* 727. And if it did so operate, an estate might be acquired indirectly which could not be done directly, which the law does not permit. *Cannam v. Farmer,* 3 Exchequer, 698; *Lowell v. Daniels,* 2 Gray, 161; *Keen v. Coleman,* 39 Pa. St. 299; *Keen v. Hartman,* 48 Pa. St. 497; Bigl. on Est. 443–446. Recitals non-contractual do not estop the party making them. 2 Whart. Ev. (2 Ed.) sec. 1040.

*C. O. Tichenor* for defendant in error.

(1) Plaintiff claims the German Building Associa-

tion was not a corporation because, in organizing, it did not comply with the statutes. If it was not, then the persons so attempting were partners doing business under that name. They paid the purchase money and took possession of the land. The deed was made to them under their firm name. They at least got the equitable title. *Arthur v. Weston*, 22 Mo. 378. (2) The copy of the recorded articles was filed with the secretary of state in 1881. If this was necessary and if said association could not until then take title, why does this not relate back so as to make the deed good? The doctrine of relation is a fiction invoked to prevent gross wrong. *Slagel v. Murdoch*, 65 Mo. 525; *Crowley v. Wallace*, 12 Mo. 143; *Powers v. Hurmet*, 51 Mo. 136. (3) Even though the association was not completely organized at the time of the purchase of the real estate, it is well settled that contracts may be made in view of organizing, so as to be binding upon the corporation afterwards effected. *B. G. Ry. v. Christy*, 79 Pa. 54. (4) All the statutes under which the Building Association could have been incorporated speak of the corporation as existing prior to the filing of a copy of the certificate with the secretary of state. *Hurt v. Salisbury*, 55 Mo. 314; *Harrod v. Homer*, 32 Wis. 166; *Auger v. Whittier*, 117 Mass. 454; *Stone v. Oil Co.*, 41 Ill. 94; *Hyde v. Doe*, 4 Sawyer, 133. (5) The association has been a *de facto* corporation since 1870 and no one can interfere with it but the state. *Pope v. Bank*, 20 Kas. 415; *Williamson v. Association*, 89 Ind. 389; *Cochran v. Arnold*, 58 Pa. St. 399; *Association v. Ins. Co.*, 70 Ala. 133; *Dean v. Davis*, 51 Cal. 411. (6) Neither the grantor nor one claiming under him can deny the existence of the corporation granted nor can it question its capacity to take title after the purchase money has been paid. *Smith v. Sheeley*, 12 Wall. 361; *Meyers v. Croft*, 12 Wall. 295; *Stoutimore v. Clark*, 70 Mo. 477; *Cooley v. Warren*, 53 Mo. 169; *E. R. Co. v. D. L., etc., R.*, 21 N.

Broadwell v. Merritt.

J. Eq. 290, and cases cited in opinion; *Laflin & R. P. Co. v. Sinsheimer*, 46 Md. 320, and cases cited in opinion; *Baker v. Neff*, 73 Ind. 68; *Chubb v. Upton*, 95 U. S. 667; *Parrott v. Byers*, 40 Cal. 625; *Galveston Ry. v. Cowdry*, 11 Wall. 477.

RAY, J.—This is an action of ejectment to recover certain real estate in Kansas City. One Wm. Little is the common source of title. The defendant, Merritt, is a tenant of the "German Building Association of Kansas City." The case was tried by the court without a jury, and the court, of its own motion, gave an instruction that, upon the admitted facts and evidence in this cause, the finding should be for the defendant. The German Building Association of Kansas City recorded its articles of association in the recorder's office at Independence, on January 8, 1870, the object of forming said association being the accumulation of a fund, by the mutual contribution of its members, which fund was to be used in the purchase of lots and lands, and the building of dwelling houses, to be sold to its members. Afterwards, in July or August, 1873, upon notice to its stockholders, and other preliminary proceedings for that purpose, the business of said assocation was extended, with the view to enable it to loan its accumulated funds, upon real estate security, upon terms and conditions to be specified by its by-laws, and a certificate of such proceedings was recorded in the recorder's office at Kansas City, Missouri, September 24, 1873, a copy of said certificate, certified by the recorder, was filed in the office of the secretary of state, September 24, 1873, but a certified copy of the articles of association was not, as we gather from the record, filed in the office of the secretary of state until April 19, 1881.

During the time embraced in these dates, said association was engaged in its said business, in said city, having a board of directors, president, secretary, and a

corporate seal. In March, 1872, said association bought. real estate, embracing that in dispute, from Wm. Little, paying him therefor between five and six thousand dollars. A warranty deed from Little and wife to said association was taken, and recorded March 28, 1872, and said association took possession and sub-divided the land bought into lots, and afterwards built six brick buildings upon said lots at a cost of $2,600 or $2,700 apiece. Two of the lots, it seems, it has sold. At the time of its purchase it executed a trust deed to secure Little for a part of the purchase money, which was subsequently released by deed of quit-claim. About six years after the execution of his deed to said association, and on May 2, 1878, said Little and wife executed a deed to John S. Harbison for the property, for a consideration of fifty dollars, and Harbison, thereafter, deeded to Broadwell, the plaintiff, for a consideration named in the deed of five hundred dollars.

The testimony of said Little in regard to said second conveyance, and of Harbison in reference to his conveyance to plaintiff, is brief, and in substance as follows: Little says: "I executed the deed in evidence to Mr. John S. Harbison. I did not receive five hundred dollars. I received fifty dollars. Mr. Titus brought the deed to me and asked me to execute it. I told him I would if it was all right. I referred him to Mr. Traber, my attorney. I took the deed to Mr. Traber, my attorney, and he said it was all right for me to sign it. I did sign it and got the fifty dollars." Q.—"State the purpose for which you gave the deed." A.—"My impression was that somebody had an interest in the land, and wanted a deed to correct something in my former deed."

Harbison says: "I am a practicing attorney at this bar. I am the person who bought the land described in the deed from Little to me, and I sold the property to plaintiff Broadwell, and executed the deed read in evidence by plaintiff. Mr. Titus and myself office together,

have no other connection. I did not receive five hundred dollars in cash. I took his, plaintiff's, note, payable in one year after date, and extended the time of payment. I took no mortgage or other security on the land. I didn't ask for any."

The deed from Wm. Little and wife to the German Building Association of Kansas City is prior in date, and of record, to plaintiff's deeds, and, if valid, passes the title. Its validity is challenged, however, by plaintiff upon the ground that there was no grantee therein competent to take, because there was no such corporation then authorized, and because of the omission to file the articles, or certified copy thereof, with the secretary of state. This court has held in a number of cases that parties may so deal with a corporation as to be held estopped to deny their legality and incorporation. *Smith v. Sheeley*, 12 Wall. 361 ; 57 Mo. 126 ; 52 Mo. 17 ; 35 Mo. 13 ; 70 Mo. 471; 60 Mo. 252 ; 62 Mo. 247. In the case in 70 Mo., *supra*, it was held that the execution of a note payable to a corporation was an admission by the payor of the corporate existence of the payee. And it has also been held in this state, in harmony with the current of authority in other states, that if a corporation has violated and forfeited its charter, that question should be inquired into by a direct proceeding in behalf of the state for that purpose. *St. Louis v. Shields*, 62 Mo. 247 ; 55 Mo. 218 ; *Kansas City Hotel Co. v. Hunt*, 57 Mo. 126.

There may have been, for the reasons urged, no corporation *de jure*, but we are of the opinion that upon the admitted facts and evidence in this case, the plaintiff is in no position to urge or make that objection. The deed under which the plaintiffs claim, is, we think, in effect and substance, a deed of quit-claim only, though not in the exact and ordinary form of such deeds, and serves to convey only the right, title, and interest, of the grantor therein. *Butcher v. Rogers*, 60 Mo. 138. We

do not think that Little, after receiving the large and valuable consideration paid him for the land, and making his said deed to the association, and taking the trust deed from it, and putting it in possession thereof, and allowing it to be improved and held under his title for years, could, or ought, to be heard to call in question the capacity or power of the association to take title to the property, and hold or enjoy the same. Broadwell, who takes under Little, under his said subsequent deed, is in no better position. He is in privity with, and bound and estopped by what would bind and estop said grantor. *Smith v. Sheeley*, 12 Wall. 361; *Myers v. Croft*, 13 Wall. 295; *Cooley v. Warren*, 53 Mo. 169; *Stoutimore v. Clark*, 70 Mo. 471 and 477; *Galveston Ry. v. Cowdrey*, 11 Wall. 477; *Chubb v. Upton*, 95 U. S. 667; *Hasenritter v. Kirchhoffer*, 79 Mo. 239, and cases cited.

We see no error prejudicial to the plaintiff, and requiring us to reverse the cause, in the court's action in allowing said association to be made a party and file its answer. Merritt, the defendant, was its tenant, and it was the real and substantial party in interest. The purpose of the objection was to controvert the existence and incorporation of the association, which could be as well done, and was done upon the trial. This disposes of the only question of practical value to the parties arising upon the record, and makes it unnecessary to discuss other questions to which our attention has been called. This leads to an affirmance of the judgment of the circuit court, in which all concur.