Ragan v. McElroy.

RAGAN et al., Appellants, v. McELROY et al.

| 98 | 349 |
| 102 | 407 |
| 98 | 349 |
| 107 | 626 |
| 98 | 349 |
| 52a | 67 |
| 98 | 349 |
| 117 | 290 |
| 98 | 349 |
| 122 | 407 |
| 98 | 349 |
| 133 | 553 |
| 98 | 349 |
| 74a | 376 |
| 98 | 349 |
| 145 | 629 |
| 98 | 349 |
| 161 | 604 |

1.  **Covenants of Warranty : HEIRS.** Heirs, as against the deed of their ancestor containing covenants of warranty, can urge no claim that he could not.

2.  **Corporation : DEED : ESTOPPEL.** When a person, by his deed, declares the grantee therein to be a corporation, receives from it the purchase price, binds himself and his heirs to defend such corporation's title, its successors and assigns, and delivers possession of the premises, such grantor and his heirs are forever estopped from denying the corporate existence of the grantee as against those who have acquired possession and title under that deed.

3.  ———— : ————. Whether a corporation, in accepting a deed to real estate, has exceeded its powers is a question that can only be raised by the state in a direct proceeding for that purpose.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*S. F. Johnson* and *Chas. W. Clarke* for appellants.

Objections having been made to the introduction of the deed of Ragan and wife, on the ground that the grantee named therein was neither a natural nor artificial personage known to the laws of the state of Missouri, it was the duty of the parties offering said deed to prove that the grantee therein had a legal existence.

*Hurt v. Salisbury*, 55 Mo. 310 ; 2 Estey's Plead., pp. 922, 923 ; *Flandreau v. Downing*, 23 Cal. 354 ; *Corkhill v. Landers*, 44 Barb. 218.

*Daniel B. Holmes* for respondents.

Appellants being in privity of blood with Jacob Ragan, deceased, cannot question the corporate existence of the Widows and Orphans' Home Society of Missouri.   *Broadwell v. Merritt*, 87 Mo. 95.

BRACE, J.—In this action in ejectment, the plaintiffs, who are the heirs-at-law of Jacob Ragan, deceased, seek to recover from the defendants the land conveyed by their ancestor to the Widows and Orphans' Home Society of Missouri, by the following deed, duly acknowledged and delivered, through which the defendants, by a regular chain of mesne conveyances, deraign title from the said Ragan :

"Know all men by these presents: That we, Jacob Ragan and Anna Ragan, his wife, of the county of Jackson, and state of Missouri, for, and in consideration of, the sum of four thousand dollars, to us in hand paid by the Widows and Orphans' Home Society of Missouri, a corporation, duly incorporated under the general laws of the state of Missouri, by virtue of a certificate of incorporation granted by the circuit court of Jackson county, and state of Missouri, at the March term, A. D. 1867, of said court, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Widows and Orphans' Home Society of Missouri, their successors and assigns, the following described real estate, situate in the county of Jackson, and state of Missouri ; that is to say, the northwest quarter of the southeast quarter of section number seventeen (17), in township forty-nine (49), of range thirty-three (33), containing forty acres of land, and also a right-of-way thirty (30) feet in width along the west line of the southwest quarter of the southeast

quarter of said section, and off the west side of said last described tract of land, which said way shall be kept open to the free and unobstructed use of said grantee, its successors and assigns.

"To have and to hold the premises hereby conveyed, together with all the rights and privileges thereunto belonging, or in any way appertaining unto the said Widows and Orphans' Home Society of Missouri, its successors and assigns forever; and I, the said Jacob Ragan, for myself, my heirs, executors and assigns, do hereby covenant to and with the said Widows and Orphans' Home Society of Missouri, its successors and assigns, to forever warrant and defend the title to the premises hereby conveyed against the lawful claims of all persons whomsoever.

"In testimony whereof, we have hereunto subscribed our names and affixed our seals on this fourth day of April, A. D. 1867.

"(Signed)  Jacob Ragan, (Seal)
"(Signed)  Anna C. Ragan. (Seal)"

The objection made on the trial to the admission of this deed in evidence was that it did not show, nor did it otherwise appear, that the grantee therein named was an existing corporation having capacity to take and hold the real estate herein conveyed. The objection was overruled, the deed admitted, and judgment rendered for the defendants, from which the plaintiffs appeal, and insist here that the objection ought to be sustained.

The plaintiffs, claiming by descent as heirs-at-law of Jacob Ragan, deceased, stand in his shoes, and against his deed containing covenants of warranty, express and statutory, running with the land, can urge no claim that he could not. These covenants are as binding on them as they were on him, and by the recitals in his deed they are bound to the same extent that he would be. Having by his deed declared the grantee therein

to be a corporation, received from it, as such, the purchase money for the land, bound himself and his heirs thereby forever to defend the title to the premises to such corporation, its successor and assigns, and in pursuance thereof delivered possession of the premises to the grantee, the grantor and his heirs are forever estopped from denying the corporate existence of the grantee as against those who have acquired possession and title under that deed. *Broadwell v. Merritt*, 87 Mo. 95; *Studebaker v. Montgomery*, 74 Mo. 101; *Stoutimore v. Clark*, 70 Mo. 471; *City of St. Louis v. Shields*, 62 Mo. 247; 3 Washb. on Real. Prop. s. p. 468.

The plaintiffs can neither call in question the existence of the corporation or its power to acquire, hold and transfer the real estate conveyed to it by their ancestor in this proceeding. Whether in so doing, the corporation has exceeded its powers, is a question that could only be raised by the state in a direct proceeding for that purpose. *Catholic Church v. Toebbin*, 82 Mo. 418, and cases *supra*. Its existence, however, as a corporation, under color of law, has not only been declared by plaintiffs' ancestor in his deed, but that corporate existence, coupled with the power to acquire, hold and transfer this particular property, has been expressly recognized by the state in an act of the general assembly duly approved, by which it appears that the state, at one time, accepted a grant of this very land from this same corporation and afterwards reconveyed it to the corporation. Sess. Acts, 1877, p. 267. So that the door to even such a direct inquiry would seem to be closed.

The judgment of the circuit court is affirmed. All concur, BARCLAY, J., in the result.