WORLEY et al. v. HICKS et al., Appellants.

**Division Two, March 26, 1901.**

1. **Homestead:** MORTGAGE: SALE. A homesteader does not, as to third parties, lose his homestead by mortgaging it, but so long as he occupies it as such with his family it is exempt from attachment and sale under execution as to all creditors except the mortgagee and those claiming under him.

2. ———: ———: ———: DEED TO WIFE. Plaintiff by warranty deed conveyed the 98 acres on which he lived with his family, to his brother to secure a loan of $700, and in about a year his wife inherited $1,700 from her father's estate, and paid off the debt due the brother, and he conveyed the land to her, plaintiff with his wife and children having all the time resided on the same. *Held,* that, in no event, was the land subject to atachment and sale under execution against him, the deed to the wife being a subsisting mortgage and defeasible, the equitable title being in him and the legal title in her.

3. **Ejectment:** PRIOR TITLE TO BE SHOWN. Where defendant claims that the persons whose title he bought at sheriff's sale acquired title through plaintiff, it is not necessary in ejectment for plaintiff to show any title to the land prior to his own deed.

4. ———: TITLE: JUDGMENT BY DEFAULT. The owner of land conveyed the same by warranty deed to his brother, William F. Worley, to secure a loan, and this debt his wife afterwards paid off with money inherited from her father, and the brother thereupon deeded the land to her. Afterwards, defendant recovered judgment against their son, William Worley, and had this land sold under execution against him, bought it in, and then sued the husband in ejectment, and obtained judgment against him by default, and had him ousted under execution. Afterwards he and his wife joined as plaintiffs in this suit in ejectment. *Held,* that the land was the property of one or the other of the plaintiffs, and was not for that reason subject to sale under execution against their son William, and hence, defendant took no title by his judgment in ejectment by default against the husband.

Appeal from Linn Circuit Court.—*Hon. W. W. Rucker,* Judge.

AFFIRMED.

*E. R. Stephens* for appellants.

(1)    The deed from George W. Worley conveyed his interest in the land to William F. Worley, or to William Worley of Linn county; then the said George W. Worley, one of the plaintiffs, parted with his title to said land as a homestead or otherwise.    There was no evidence that Henrietta Worley, one of the plaintiffs, and wife of said Geo. W. Worley, used and occupied the land as owner thereof, or was the manager of and head of a family.    Thompson on Homestead and Exemption, secs. 60 and 100; Wade v. Jones, 20 Mo. 75; State to use v. Kane, 42 Mo. App. 253.    (2)    If the court properly refused the seventh declaration of law as asked by defendants, it committed error in giving plaintiffs' declarations of law numbered 1 and 2, as the deed from George W. Worley only conveyed his title to the land at that time, as a homestead or otherwise, to William F. Worley, or William Worley of Linn county, subject to the inchoate right of Henrietta Worley, his wife, to dower.    Greer v. Major, 114 Mo. 145.    (3)    Plaintiffs, not showing a legal chain of patent title to the land, or other legal title nor exhibiting any better title thereto than E. C. Nichols's possession of the land, acquired by him under said judgment and writ of restitution, the finding and judgment of the court should have been for defendants.    Robinson v. Claggett, 149 Mo. 153; Duncan v. Able, 99 Mo. 188.

*A. W. Mullins* for respondents.

(1)   The defendants' contention that in order to entitle the plaintiffs to recover they must deduce and show the legal title to the land from the government of the United States, is not, under the evidence, well taken, for two reasons:   (a) The plaintiff, George W. Worley, bought the land and it was conveyed to him by warranty deed, and under his title so acquired he occupied the premises as his homestead—his title not being questioned by anybody—for a period of about eighteen years.   This was sufficient to show title in him.   Nelson v. Brodhack, 44 Mo. 596; Barry v. Otto, 56 Mo. 177; Gardner v. Terry, 99 Mo. 526; Fulkerson v. Mitchell, 82 Mo. 13; Wilkerson v. Eilers, 114 Mo. 245.   (b)   Both parties to this case claim the title owned by the plaintiff, George W. Worley.   Holland v. Adair, 55 Mo. 40; Butchers v. Rogers, 60 Mo. 138; Miller v. Hardin, 64 Mo. 545; Grandy v. Casey, 93 Mo. 595; Charles v. Patch, 87 Mo. 463; Finch v. Ullman, 105 Mo. 255.   (2)   The controlling question in the case is as to whether or not William F. Worley, the grantee in the deed from George W. Worley, and the grantor in the deed from said William F. Worley, is the same person as William Worley, the judgment defendant mentioned in the sheriff's deed.   In regard to this, the evidence was all one way.

BURGESS, J.—This is an action of ejectment for the possession of a farm containing ninety-three acres of land in Linn county.   The petition is in the usual form in such cases.

The answer of defendant Nichols admits possession, but denies all other allegations in the petition.   The answer of the defendant Hicks is of the same character, with the exception that it alleges that defendants were in possession of the land on May 20, 1897, under a lease from their co-defendant Nichols which expired on the twentieth day of February, 1898.

The plaintiffs are husband and wife.   The plaintiff

George W. Worley, purchased the land from Asa Scott, who, his wife joining with him, on the twentieth day of May, 1878, executed to plaintiff, George W. Worley, a deed of general warranty therefor.   Soon thereafter plaintiffs and their children moved upon the land, and lived there and occupied it as their homestead until dispossessed on May 20, 1897.

In order to raise money to pay off a loan upon the land, plaintiffs borrowed from William F. Worley, a brother of George W. Worley, several hundred dollars, and for the purpose of securing its payment, on the eleventh day of February,. 1889, conveyed to him the land.   Thereafter, the plaintiff, Mrs. Worley, acquired from her father's estate about $1,700, out of which was paid the debt to William F. Worley, who then conveyed the land to her by deed dated May 2, 1890, and acknowledged on February 15, 1894.

On March 4, 1891, Nichols and Shepard Company obtained judgment in the circuit court of Linn county, against *William Worley,* the plaintiff's son, for $1,374.60, and costs, and thereafter, on January 16, 1894, an execution was issued on said judgment and the land in question levied on as the property of said William Worley, the judgment defendant, and under said levy the sheriff sold said land and executed to the purchaser, the said E. C. Nichols, a sheriff's deed therefor. Under the claim of title acquired by said purchase and sheriff's deed, the said E. C. Nichols sued the said George W. Worley in ejectment for possession of said land, and on June 6, 1896, judgment by default was rendered in the circuit court of said Linn county in said cause in favor of the plaintiff and against said defendant for possession of it and for damages and rents, and by virtue of an alias writ of possession issued on said judgment the sheriff of said county removed from said premises and dispossessed the said George W. Worley and his wife and three other persons, and placed said E. C.

Nichols in possession. After being so dispossessed the plaintiffs, George W. Worley and Henrietta Worley, his wife, on June 24, 1897, instituted this action for the possession of said premises.

The case was tried by the court, a jury being waived, who at the instance of plaintiffs, and over the objection and exception of defendants, declared the law to be as follows:

"1.   If the court find from the evidence that plaintiffs are husband and wife, and that soon after the plaintiff, George W. Worley, purchased the land in question and obtained his deed thereto dated May 20, 1878, read in evidence, they took possession of the premises in question and thereafter continuously occupied the same as their homestead until dispossessed May 20, 1897, and that the said premises included only about ninety-three acres, and has not been and is not of greater value than $1,500, then the finding and judgment must be for the plaintiffs.

"2.   If the court finds from the evidence that the deed in evidence from George W. Worley to William F. Worley, dated February 11, 1889, and recorded July 10, 1889, read in evidence, was and is a conveyance of the land in question to a brother of said plaintiff and not a conveyance to said plaintiff's son, and that the judgment recited in the sheriff's deed, read in evidence by the defendants, was rendered against a son of said plaintiffs, then the finding and judgment must be for the plaintiffs.

"3.   There is no evidence in this case that the deed in evidence from plaintiff, George W. Worley, to William F. Worley was made to said plaintiff's son, William Noah Worley.

"4.   The deed from George W. Worley to William F. Worley and the deed from said William F. Worley to the plaintiff, Henrietta Worley, both in evidence, conveyed to and

vested in said Henrietta Worley the legal title to said land.

"5.   Under the pleadings and all the evidence in this case the finding and judgment must be for the plaintiffs."

Defendant asked the following declarations of law which were refused.

"1.   Neither the plaintiffs, nor either of them, has shown a chain of legal title to them, or either of them, from the United States, to the land sued for.

"2.   Before plaintiffs, or either of them, can recover in this case, they must show a legal and complete chain of paper title from the United States to one or both of them.

"3.   Whatever title plaintiffs, or either of them, had to the land, was vested in the defendant, E. C. Nichols, by virtue of a sheriff's deed, dated March 9, 1894, conveying to said Nichols the interest of William Worley, in and to said land.

"4.   There is no evidence that William F. Worley (brother of George W. Worley) as grantee in the warranty deed from Geo. W. Worley, of February 11, 1889, and signed jointly by Henrietta Worley, his wife (stating that said William F. Worley was a resident of Linn county, Missouri), was a resident of Linn county, Missouri, at that or any other time, but the only William Worley who was a resident of said county and State at said time was one William Worley, a son of the said Geo. W. and Henrietta Worley.

"5.   Said deed of February 11, 1889, executed by Geo. W. Worley, and signed jointly by his wife Henrietta, to William F. Worley, conveyed the land to William Worley, a son of plaintiffs, and not William F. Worley, a brother of Geo. W. Worley, one of the plaintiffs.

"6.   William F. Worley, named as grantee in said conveyance, and William Worley, whose interest in the land in suit was conveyed by sheriff's deed dated March 9, 1894, to E. C. Nichols, is one and the same person.

"7. Although the deed of February 11, 1889, was exe-cuted by Geo. W. Worley alone, and signed jointly by his wife, to William F. Worley, yet said Geo. W. Worley, by said conveyance, transferred absolutely all homestead right in and to said land at said time, to one William Worley, his son.

"8. Although the deed of February 11, 1889, to Wil-liam F. Worley, was only signed jointly by Henrietta Wor-ley with her husband, Geo. W. Worley, yet the signing of the same by her was a complete bar to any homestead right or claim, if any, she may have had to the land in suit.

"9. All the evidence respecting the value of any services rendered on the land after the lease of the same to the defend-ants, Jehu H. Hicks and J. C. Hicks, by the defendant, E. C. Nichols, is wholly disregarded, as said services constitute no elements whatever of rents or damages.

"10. Defendant, E. C. Nichols, obtained possession of the land in suit in a legal way, by virtue of his writ of restitu-tion, executed on the twentieth day of May, 1897, by the sheriff of Linn county, Missouri, in favor of said E. C. Nich-ols, against the said Geo. W. Worley.

"11. Upon all the evidence in this case the finding should be for the defendants."

To the action of the court in refusing the declaration of law asked by defendants they duly excepted.

The trial resulted in a judgment in favor of plaintiffs for the possession of the premises sued for, one hundred dol-lars damages, and the fixing of the monthly rents and profits of the premises at twenty dollars per month.

Defendants then in due time filed their motion for a new trial, which being overruled, they saved their exceptions and bring the case to this court by appeal for review.

Defendants' first insistence is that the deed from the plaintiff, George W. Worley, to William F. Worley, passed

his interest in the land to said William F., whatever it may have been at that time, including any homestead right that he had in it.    And as there was no evidence that his wife and co-plaintiff, Henrietta Worley, used and occupied the land as owner thereof, or was the manager of and head of a family, the court erred in giving the first declaration of law on the part of plaintiffs.    But the evidence showed that plaintiff, George W. Worley, acquired title to the land by deed dated May 20, 1878, and that he and his family occupied it as their homestead until dispossessed on a writ of possession issued against another person on the twentieth day of May, 1897, a period of about eighteen years, and that the deed to the premises from plaintiff George W. Worley to William F. Worley was executed to secure the payment of money borrowed by George W. from his brother, and was not in fact a deed, but was a mortgage to secure the payment of money in the form of a deed.    This being the case, as the land was never sold under this deed or mortgage, but the mortgage debt paid off and the land conveyed to Mrs. Worley by the mortgagee on May 2, 1890, the title vested in her.    A homesteader does not lose his right as such, as to third parties, by mortgaging his homestead, but so long as he occupies it as such with his family, it is exempt from attachment and sale under execution, if not in excess of the value and extent prescribed by statute, as to all creditors save and except the mortgagee and those claiming under him.    But even if the deed by the plaintiff, George W. Worley, to William F. Worley passed the title to the land to him, the title was defeasible, and that deed did not render the land subject to sale under execution against even George W., and the reconveyance by William F. to Mrs. Worley vested the legal title in her, so that in any event he owned the equitable title to the premises and occupied them as a homestead until it was conveyed by William F. to Mrs.

Worley, after which plaintiffs still continued to occupy the land with their family as a homestead, and at no time after the plaintiff, George W. Worley, acquired title to the land and moved on to and began to occupy it as a homestead was it ever subject to attachment and sale under execution against him (section 3616, Revised Statutes 1899), nor was it after she acquired title thereto.

The seventh declaration of law asked by defendant was correctly refused for the reason that it assumed that William F. Worley, and *William Worley* were one and the same person, and asked the court to declare the law to be that the deed from George W. Worley to William F. Worley of date February 11, 1889, transferred absolutely all homestead right that George W. Worley had in the land to one *William Worley,* when the evidence showed that they were different persons, that is, that William F. was the brother of George W., and William his son. [State to use Kramer v. Mason, 96 Mo. 559; Comer v. Taylor, 82 Mo. 341.] Besides, this identical question was presented by the second declaration of law given in behalf of plaintiffs, and the court found adversely to the position taken by defendant, and that finding was in accordance with the evidence.

Defendant Nichols claims title under the plaintiff, George W. Worley, by virtue of a sheriff's deed to him, made in pursuance of a sale by said sheriff, under an execution issued upon a judgment rendered in the circuit court of Linn county, in favor of Nichols & Shepard Company and against *William* Worley, whom defendants contend derived title from the plaintiff, George W. Worley. It was not necessary, therefore, in order to plaintiffs' recovery that they should in the first instance show any title to the land prior to the execution of the deed from Asa Scott and wife to the plaintiff George W. Worley on May 20, 1878 (Holland v. Adair, 55 Mo. 40; Butcher

v. Rogers, 60 Mo. 138; Miller v. Hardin, 64 Mo. 545; Grandy v. Casey, 93 Mo. 595; Charles v. Patch, 87 Mo. 450; Finch v. Ullman, 105 Mo. 255), and it having thereafter been occupied as a homestead by plaintiffs it was exempt from sale and execution, and defendant Nichols acquired no title to it by the sheriff's deed.

But whether the land was the homestead of the plaintiffs or not, it was the property of one or the other of them and was not for this additional reason subject to sale under the execution against their son, William Worley, hence defendant Nichols acquired no title thereto by his purchase at the sheriff's sale.

There was, we think, no error committed in refusing declarations of law asked by defendants, nor in giving declarations of law on the part of plaintiffs. Nor was reversible error committed in the admission of evidence.

There was sufficient evidence to justify the judgment of the court with respect to the amount of damages, as well also as to the monthly rents and profits, and the judgment should not be reversed upon either of those grounds.

Finding no reversible error in the record, the judgment is affirmed. *Sherwood, P. J.,* and *Gantt, J.,* concur.