WEST MISSOURI LAND COMPANY v. KANSAS CITY SUBURBAN BELT RAILROAD COMPANY, Appellant.

### Division One, March 29, 1901.

1. **Dissolved Corporation:** POWER TO CONTRACT: BY WHOM RAISED. One who has contracted with an organization as a corporation in its corporate name is estopped from denying the existence of such corporation at the time of making the contract, or of alleging any defect in its organization affecting its capacity to contract.   The statutory trustees of such dissolved company, or a new company organized to administer its assets to whom the trustees have conveyed its property, may maintain suit on such contract.

2. ———: ———: ESTOPPED BY ANSWER.   A defendant by asking in his answer for certain credits on the note which is the subject of suit, estops himself from denying the capacity of plaintiff or his privies to make such contract.

West Missouri Land Co. v. Railway Co.

Appeal from Jackson Circuit Court.—*Hon. E. L. Scarritt,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) Under all the evidence the plaintiff was not entitled to recover and the court should have directed a verdict for defendant. Bradley v. Reppell, 133 Mo. 545; State ex rel. v. Gravel Road Co., 138 Mo. 332; State ex rel. v. Payne, 129 Mo. 468; Thompson on Corporations, sec. 6719; Morawetz on Corporations (2 Ed.), 746; 9 Am. & Eng. Ency. of Law (2 Ed.), p. 569; White v. Campbell, Humph. 38; Sturges v. Vanderbilt, 73 N. Y. 384; Marysville Investment Co. v. Munson, 44 Kan. 491; Douthitt v. Stinson, 63 Mo. 268; 9 Am. & Eng. Ency. of Law (2 Ed.), p. 603. (2) The defendant is not estopped to assert the invalidity of the alleged note sued upon. Reinhard v. Mining Co., 107 Mo. 616; Douthitt v. Stinson, 63 Mo. 268; Bigelow on Estoppel (2 Ed.), 253; 11 Am. & Eng. Ency. of Law (2 Ed.), p. 393; 8 Am. & Eng. Ency. of Law (2 Ed.), p. 747; Morawetz on Corp., sec. 778; Beach on Corporations, sec. 13; 8 Am. & Eng. Ency. of Law (2 Ed.), p. 748; Bradley v. Reppell, 143 Mo. 552; Thompson on Corporations, sec. 523; 2 Cook on Corporations, sec. 637; Loan & Trust Co. v. Railroad, 42 N. E. 153; Jones v. Hardware Co., 29 L. R. A. 143; Maryland Tube & Iron Works v. Improvement Co., 87 Md. 207; s. c. 39 L. R. A. 810; Krutz v. Town Co., 20 Kan. 397; Alvord v. Barber, 9 Am. & Eng. Corporation Cas. (N. S.) 774; Green v. Seymour, 3 Sand. Ch. 285; Carey v. Railroad, 5 Iowa 257; Collins v. Abenburry, 3 Ired. 277; Mason v. Mason, 3 N. E. 9; Caffrey v. Duggeon, 20 Ind. 512.

*John L. Peak* for respondent.

(1)  Neither in the pleadings, nor in the evidence, nor in the instructions, was the validity of the note questioned, nor the right of estoppel claimed.  It is well-settled law in this State that a party can not try his case upon one theory in the trial court and upon a different and distinct theory in the appellate court.  He must adhere in the appellate court to the theory adopted by him in the trial court.  Hall v. Goodnight, 138 Mo. 576; Triggs v. Taylor, 27 Mo. 245; Walker v. Owen, 79 Mo. 563; Nance v. Metcalf, 19 Mo. App. 186; Brooks v. Yocum, 42 Mo. App. 576; Tomlinson v. Ellison, 104 Mo. 105; Harper v. Morse, 114 Mo. 317; Jennings v. Dunham, 60 Mo. App. ·635.  (2) The validity of the note and its binding character were expressly admitted by defendant's pleadings.  But even if the defendant had attempted to avail itself of this defense in the trial court, now pleaded here for the first time, and had set up in its answer the invalidity of the note sued on, and the want of corporate capacity in the West Kansas City Land Company, such defense would have been held invalid and insufficient.  The defendant had accepted a deed from the West Kansas City Land Company, had gone into possession of the land under its deed, had executed its note to the West Kansas City Land Company in payment for the land, and by these solemn acts had admitted its corporate capacity.  Such solemn acts would have estopped the defendant from denying the corporate capacity of the West Kansas City Land Company, even if it had been pleaded as a defense in the court below. Bradley v. Reppell, 133 Mo. 545 ; Railroad v. McPherson, 35 Mo. 13; Insurance Co. v. Needles, 53 Mo. 18; St. Louis v. Shields, 62 Mo. 247; Stoutimore v. Clark, 70 Mo. 471; Studebaker Bros. v. Montgomery, 74 Mo. 101; St. Louis Gas Co. v. St. Louis, 84 Mo. 202, affirming 11 Mo. App. 55 ; Broadwell v. Merritt, 87 Mo. 95 ; Granby Mining Co. v. Richard, 95 Mo. 106.  Such estoppels extend as well to the

privies as to the parties to such contracts.   Hazenritter v. Kirchoffer, 79 Mo. 239; Ragan v. McElroy, 98 Mo. 349; Broadwell v. Merritt, 87 Mo. 95; Reinhart v. Lead Mining Co., 107 Mo. 616.   (3)   It is well-settled law in this State that a party is bound by his solemn admissions of record throughout the trial and can not be permitted to contradict them either in his evidence, his instructions, or his defense in the appellate court. Pike v. Martindale, 91 Mo. 286; Breckenridge v. Ins. Co., 87 Mo. 69; Weil v. Paston, 77 Mo. 284; Wilson v. Albert, 89 Mo. 537; Foley v. Alkire, 52 Mo. 317.

BRACE, P. J.—This is an appeal by the defendant from a judgment of the Jackson Circuit Court in favor of the plaintiff for the sum of $6,169.37.

On the twenty-fourth of December, 1891, the West Kansas City Land Company and the Consolidated Terminal Railway Company entered into a written contract as follows:

"This agreement made and entered into the twenty-fourth day of December, 1891, by and between the West Kansas City Land Company, a corporation, party of the first part, and the Consolidated Terminal Railway Company, a corporation, party of the second part, witnesseth:

"That the party of the first part has this day bargained and sold to the party of the second part and its assignees, the following described real estate, to-wit:   A strip of land twenty-eight feet in width over and across the land hereinafter described, situate in Kansas City, Jackson county, Missouri (describing the land), the whole length of the above-mentioned strips, taken together, being about twelve hundred and eighty feet, at and for the consideration of ten thousand dollars, upon the following terms:   four thousand dollars upon the delivery to the second party by the first party of a special warranty deed as to itself, and a good and sufficient bond with satisfactory

security for the sum of six thousand dollars, payable in three years after its date, with interest thereon at the rate of eight per cent per annum, payable semiannually.

"The above strip of ground is bought for the purpose of being used as a right of way by the party of the second part, and the party of the second part is hereby given sixty days in which to locate its said right of way over and across the lands above described or a portion of said lands.    And it is further understood that, as there are some claims to portions of said land to be used as a right of way, if the second party be defeated in any suit as to portions of said right of way, so as to reduce the said right of way so to be obtained from the party of the first part, to less than twelve hundred feet in length, then there is to be deducted from the consideration hereinbefore mentioned such proportion of the ten thousand dollars as the difference between the length of right of way hereafter found to be owned by the first party and twelve hundred feet, bears to the said twelve hundred feet; and if such proportion of the ten thousand dollars so to be deducted is more than six thousand dollars, the amount of said bond, the balance thereof to be deducted shall be refunded to the second party by the first party; but if such proportion of the said ten thousand dollars to be deducted be less than six thousand dollars, then the same shall be applied as part payment upon the said six thousand dollar bond; or should the party of the second part decide before constructing its line not to use portions of the land hereinbefore mentioned so that the right of way occupied should be less than twelve hundred feet in length, then the deduction is to be made from the consideration of ten thousand dollars or applied as part payment upon said bond in the same proportion and in the same manner as last above mentioned.

"The party of the second part is to contest at its own expense, so far as such expenses are concerned, all suits in refer-

ence to title to right of way procured under and by the terms of this contract; the said first party, however, through its attorney, giving such aid and information to second party in said contest for right of way as may be desired by the second party.

"In case no suits are brought concerning said right of way within three years, or in case those brought should not in any event reduce the length of the right of way conveyed to less than twelve hundred feet, then said bond is to be paid with interest on the day when it is due; but in case such suits have already been begun, then the second party may retain the sum proportioned as above mentioned so as to provide against any ultimate loss in case suits should be decided against the second party.

"The party of the first part hereby agrees to deliver to the party of the second part a good and sufficient special warranty deed as to itself to all of said right of way upon demand within thirty days, upon the payment to it of the said sum of four thousand dollars in cash and the said bond. And the right is hereby given to the first party to reserve in said deed all riparian rights of accretion. This contract is to be consummated and papers to be passed and exchanged within fifteen days from date hereof.

"In witness whereof the parties of the first and second part have caused these presents to be signed by their respective presidents and attested by their respective secretaries, and their corporate seals to be hereunto affixed the day and year first above mentioned.

"Executed in duplicate.

"West Kansas City Land Company.

(Seal.)          "By Hunter M. Meriwether, President:

"Consolidated Terminal Railway Company,

"By E. L. Martin, President."

Soon thereafter the defendant, the Kansas City Suburban

Belt Railroad Company, by consolidation with, became the successor of, the said Consolidated Terminal Railway Company in said contract, and in pursuance thereof executed and delivered to the said West Kansas City Land Company its promissory note for the balance of the purchase money as follows, to-wit:

"$5,600          Kansas City, Missouri, November 11, 1892.

"Three years after date, for value received, the Kansas City Suburban Belt Railroad Company promises to pay to the order of the West Kansas City Land Company, at the office of the Missouri, Kansas & Texas Trust Company in Kansas City, Missouri, the sum of fifty-six hundred dollars, with interest thereon at the rate of eight per cent per annum, payable semi-annually. This note is given in accordance with a contract between West Kansas City Land Company and the Consolidated Terminal Company, of date December 24, 1891, which contract is referred to and made a part of this instrument and the same is subject to equities that may hereafter arise between the maker hereof as the successor of the Consolidated Terminal Railway Company and the assignee of said contract and the West Kansas City Land Company.

"Kansas City Suburban Belt Railroad Company,
                                   "By E. L. Martin, Pt."

And thereupon in pursuance of said contract, the said West Kansas City Land Company executed and delivered to the defendants its deed for said lands dated the seventeenth of November, 1892. In the meantime, on the twentieth of September, 1892, one Joseph A. Reppell, had commenced an action of ejectment against the defendant and the said Consolidated Terminal Railroad Company, in which at the April term, 1894, of the Jackson Circuit Court he obtained judgment against them for the recovery of a portion of said strips of land, and on the seventh of November, 1895, an opinion was handed down in Division No. One of the Supreme Court which was afterwards

adopted as the opinion of the Court In Banc (Bradley v. Reppell, 133 Mo. 545), in which it was held that the charter of the West Kansas City Land Company expired by limitation on the fourteenth of March, 1879, and that thereafter the said company had no corporate existence. Thereupon the plaintiff corporation was organized and duly incorporated, for the purpose of administering the assets of the said defunct corporation, whose lands were conveyed to the plaintiff by deed dated December 10, 1895, and its other assets transferred to the plaintiff by the statutory trustees of said defunct corporation, and thus the plaintiff became its successor and the holder of said promissory note.

The defendant paid the interest on said note according to its tenor until its maturity, but thereafter refusing payment, after demand, and offer of a conveyance, duly executed by plaintiff to the defendant, of all the land in said contract mentioned, this suit was brought to recover the balance due on said note, being the amount of the face of the note with interest from maturity, the plaintiff in its reply and again in open court, tendering the deed so offered and depositing the same with the clerk subject to the order of the court.

(1) On the trial the defendant objected to the introduction of the contract and note in evidence on the ground that those instruments were void, because at the time of their execution the West Kansas City Land Company had no legal existence, and no power to contract, and its counsel now insist that the court erred in not sustaining its objection, and in refusing to direct a verdict for the defendant on the evidence as afterwards requested by instruction. The defendant in its answer admits "the execution of the note sued on whereby the Kansas City Suburban Belt Railroad Company promised to pay to the order of said West Kansas City Land Company $5,600, three years after date thereof (November 11, 1892), subject to the

equities arising under the contract hereinbefore mentioned, and the deed given for said land hereinafter described;" claims credits on said note under said contract in the sum of $4,105 as of the date of the note on account of the strip to which its title failed in the Reppell suit, and of a strip which it is therein alleged the defendant never obtained possession of under the contract, called the Dold strip—and says: "Defendants are ready and willing, when the pretended conveyances and contracts made by West Kansas City Land Company and defendants or their constituent companies have been carried out and effectuated by proper conveyances of plaintiff, to pay all moneys due under such deeds and contracts;" invokes the protection of the warranties contained in the deed of said West Kansas City Land Company of November 17, 1892, and prays "that the note sued on herein by plaintiff be credited $4,105 as of the date of its execution, that the covenants contained in the contract pleaded in the petition and in the deed of November 17, 1892, be specifically performed, that the plaintiff be adjudged a trustee for the use and benefit of defendant railroad company of the title to the lands described in said deed, that defendant be permitted to pay into court the sum of money due plaintiff after the allowance of the credit above named, and that thereupon plaintiff be ordered and required to execute and deliver to defendant railroad company a good and sufficient warranty deed to the land attempted to be conveyed to it November 17, 1892." And after plaintiff in its reply, in the line of the defense set up in the answer, tenders the deed duly executed, in performance of the contract as prayed for, and brings the same into court for that purpose, the defendant on the admission of evidence on the trial, springs this attack upon the contract itself, and thus sought to avail itself of a defense not set up in the answer and inconsistent therewith. That the defendant was by its own pleadings estopped from making such

an attack is, we think, manifest, but such estoppel might well be placed on broader ground. For while in Bradley v. Reppell, 133 Mo. 545, it was held that *"no person, unless estopped by his own action,"* was precluded from showing that the charter of the West Kansas City Land Company had expired in 1879, and thereafter having no corporate existence and no power to contract, one claiming title by adverse possession and sustaining no contractual relation with said company, was not estopped from attacking a deed of the company made after that date to which he was neither party nor privy; it was also held in entire consonance with this ruling, as well-settled law, "That one who has contracted with an organization as a corporation in its corporate name is estopped from denying the existence of such corporation at the time of making the contract or alleging any defect in its organization affecting its capacity to contract or sue as a corporation upon such contract. [4 Thomp. on Corp., sec. 5275; 4 Am. & Eng. Encyclopedia of Law, p. 198, and cases cited, note 1, p. 199; 2 Morawetz, Priv. Corp., secs. 750, 753; 1 Beach, Priv. Corp., sec. 13.]

"And so it has been ruled in this State in many cases, including those next cited in the brief of counsel for respondent. [Railroad v. McPherson, 35 Mo. 13; Ins. Co. v. Needles, 52 Mo. 18; St. Louis v. Shields, 62 Mo. 247; Stoutimore v. Clark, 70 Mo. 471; Studebaker Bros. v. Montgomery, 74 Mo. 101; St. Louis Gaslight Co. v. St. Louis, 84 Mo. 202, affirming 11 Mo. App. 55; Broadwell v. Merritt, 87 Mo. 95; Granby Mining Co. v. Richards, 95 Mo. 106.]

"Of course such estoppel extends as well to the privies of, as to the parties to, such contracts." [Hasenritter v. Kirchoffer, 79 Mo. 239; Ragan v. McElroy, 98 Mo. 349; Broadwell v. Merritt, 87 Mo. 95; Reinhard v. Lead Mining Co., 107 Mo. 616.]

We have again gone over this ground in the light of the able brief of the learned counsel for the defendant, and find

our confidence in the soundness of this doctrine unshaken, and applying it to the case in hand, it is also again manifest that the court did not err in refusing to entertain the defendant's attempted attack on the contract in this case.

(2) The defendant in its answer claimed a credit under the contract for one hundred and eight feet at $8.33 per foot on account of the Reppell strip, and the plaintiff on the trial conceded that it was entitled to a credit on that account, but contended that the credit should be for only twenty-eight feet. The question as to the amount of this credit was submitted to the jury under proper instructions, and a credit on the note allowed in accordance with plaintiff's contention, and of this no complaint is made. So that, the only remaining question on this appeal is as to the credit claimed by defendant on account of the Dold strip, as to which the court gave the following instruction for the plaintiff:

"1. The court instructs the jury that under the pleadings and the evidence in this case, the defendant is not entitled to any deduction from the note set forth in plaintiff's petition on account of the controversy, litigation, or settlement between the defendant Kansas City Suburban Belt Railway Company and the Jacob Dold Packing Company."

And refused the following instruction asked by defendant:

"8. The court instructs the jury that if you shall believe from the evidence that the defendant, Kansas City Suburban Belt Railroad Company, by being defeated in any suit as to portions of said right of way, was prevented from taking possession of any strip of ground which was purported to be conveyed to it by deed of date November 17, 1892, and offered in evidence, for the purpose of building its railroad thereon within a reasonable time, or was prevented from retaining possession of any of the land so conveyed in said deed after it had once

secured possession thereof, unless by the repurchase of said ground from other parties claiming the lands in question, then the defendant, Kansas City Suburban Belt Railroad Company, should be credited, as of date November 11, 1892, with the value of such portions of right of way, at the rate of eight and one-third dollars per linear foot, of which it was so prevented from taking or retaining possession."

The answer admits that the defendant is in possession of the Dold strip, and on the trial its president testified that the defendant is in possession of all the land conveyed by the West Kansas City Land Company. The defendant failed to show any adjudication of the title to that strip adverse to the plaintiffs, any superior outstanding title, any eviction under such title, or that it paid any sum of money to procure any such outstanding title. It claims to have paid money to obtain possession from the Dold company, but how much, if anything, it paid therefor does not appear. As the case stood upon the evidence, we do not think the court erred in its action on these instructions.

The judgment of the circuit court is affirmed.

All concur, except *Marshall, J.,* absent.